In the Matter of NELLIE B. MOORE, as Sole Surviving Executor and Trustee under the Will of MILLARD F. SMITH, Deceased, et al., Petitioners. SAMUEL CHIRA et al., Respondents.

Supreme Court, Special Term, Kings County, March 21, 1949.

*Coombs & Wilson* for petitioners.

*Lester Grossman* for Samuel Chira, respondent.

*William Gellin* for Benjamin Roth and others, copartners doing business as Benhil Shirt Shops, respondents.

BELDOCK, J. Petitioners landlords apply under the Emergency Business Space Rent Control Law (L. 1945, ch. 314, § 4, as amd.) to fix the reasonable rent of certain store premises. All of the tenants have defaulted, with the exception of one Samuel Chira, and accordingly this application is granted as to all of the defaulting tenants and the matter referred to an official referee to hear and determine.

Tenant Samuel Chira has cross-moved for an order dismissing the petition under rule 106 of the Rules of Civil Practice and for summary judgment in his favor on the ground that the affirmative defenses set up in the answer are sufficient to defeat the petition as a matter of law.

The facts are as follows: The subject premises is a three-story building occupied by the tenants involved in this proceeding. Tenant Chira has occupied one of the stores therein since January 1, 1941. On June 1, 1944, his rent for the store was at the rate of $13,200 per annum pursuant to the terms of a lease. On December 11, 1944, the petitioners and the tenant entered into an extension agreement extending the term of the lease for one year, to expire on December 31, 1945, at a rental of $16,000 per annum. After the enactment of the Emergency Business Space Rent Control Law of March, 1945, and on May 1, 1945, the tenant and the petitioners as landlords entered into a written agreement and in accordance with the statute fixed the reasonable rent at $16,000 per annum.

The answer of tenant Chira contains an affirmative defense that this agreement of May 1, 1945, entered into between the parties, is a bar to the maintenance of this proceeding to fix a reasonable rent over and above the rent fixed by the agreement.

Petitioners, on the other hand, contend that this agreement was not drawn " in contemplation of an extension of the emergency by the statute year after year ad infinitum " and that in any event the 1948 amendment (L. 1948, ch. 677) to section 4 permits an application by the landlords such as is now made.

The pertinent clause of the agreement between the parties, which is the basis for the affirmative defense, reads as follows: " That for the balance of the term of the said lease between the parties hereto, dated the 11th day of December, 1944, *or for any statutory extension of the period of the occupancy of the tenant thereunder * * * the fixed, basic or minimum rent payable for the said store or business shall be the same fixed, basic or minimum rent established in the said lease on the 11th day of December, 1944, that is, the sum of Sixteen Thousand ($16,000) Dollars per annum." (Emphasis added.) The agreement itself was prepared by the landlords' attorney and is clear and unambiguous. The tenant was to pay the rent fixed for the balance of the term of the lease *or for any statutory extension of the period of occupancy*. Even assuming that the meaning was doubtful, which it is not, our courts have repeatedly held that the language being the petitioners', it must be construed most favorably to the tenant. (*Moran* v. *Standard Oil Co.*, 211 N. Y. 187; *Evelyn Bldg. Corp.* v. *City of New York*, 257 N. Y. 501, 513.) The failure of the petitioners to anticipate the continued statutory extensions cannot be used as a means to circumvent the terms of this agreement. The agreement is binding upon the parties as long as the State Legislature continues to extend the Emergency Business Space Rent Control Law. The petitioners cannot complain of the term of this agreement merely because it transcends the ordinary statutory agreement provided for by the rent act (§ 4).

Petitioners contend that the 1948 amendment (L. 1948, ch. 677) to section 4 permits this application to be filed. That amendment reads as follows: " The rent fixed by arbitration or by the supreme court or the rent reserved or payable under any such written agreement shall be the emergency rent for such space until and unless a new rent shall be fixed by arbitration or the supreme court or the tenant or a successor tenant and the landlord shall make a new agreement." Under this amendment petitioners claim they have the right to apply for an increase in the rent at any time when it can be shown that the landlord is " no longer receiving a fair return on his investment as contemplated by the statute " and it is urged that upon such

showing, successive applications may be made to the court, from time to time, for increased rentals. I find that this amendment is not applicable to the instant situation. We are here confronted with an existing written agreement entered into between the parties after the enactment of the Emergency Business Space Rent Control Law, which fixed the rent at $16,000 for the balance of the term of the lease as well as " for any statutory extension of the period of the occupancy of the tenant ". The amendment would be applicable only if the agreement had *terminated* by its terms. The agreement not having terminated and being in force and effect, petitioners cannot institute the present proceeding against this tenant. (See *Matter of Yeshivah & Talmud Torah Toras Moishe [M. R. Coat Co.]*, 274 App. Div. 1069.)

The motion of tenant Samuel Chira to dismiss the petition is granted. Settle order on notice.