MARGARET QUINN, Respondent, v. CENTRE APARTMENTS, INC., Appellant.—
No opinion.
Present — Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ.

BRUNO HESS, Appellant, v. CROTTY MFG. CORP. et al., Respondents.—

Present — Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ.; Callahan, J., dissents and votes to affirm.

NEAL R. ANDREWS, Suing on Behalf of Himself and All Other Stockholders and Holders of Voting Trust Certificates Similarly Situated, Respondent, v. RALPH L. EVANS et al., Defendants, and CHARLES E. CHAMBERLAIN et al., Appellants.—
No opinion. Present — Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ.

111 JOHN ST. CORPORATION, Appellant-Respondent, v. UNDERWRITERS TRUST COMPANY, Respondent-Appellant.—

Present — Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ.

AUSTRO-AMERICAN ALUMINUM CORPORATION, Respondent, v. GOLWYNNE CHEMICALS CORPORATION, Appellant.—

Present —
Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ.

In the Matter of THREE FORTY MADISON AVENUE CORPORATION, Appellant. GRISTEDE BROS., INC., Respondent.—
No opinion. Present — Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ.; Dore, J., dissents in the following memorandum: I dissent and vote to reverse. The intended meaning of the "subject" clause in the stipulation of settlement relied on herein is ambiguous and should not be determined until evidence has been adduced at the trial or hearing concerning the real intention of the parties. In this respect the case differs from *Matter of Moore* (*Smith*) (194 Misc. 718) on which the learned Special Term relied; in that case the agreement was clear and unambiguous. The order appealed from should be reversed, with $20 costs and disbursements to petitioner-appellant and the proceeding remitted for a hearing.