Henry Silverman, J.
In this holdover summary proceeding the landlord seeks to evict the tenant upon the theory that the tenant is not a statutory tenant and is not entitled to the protection of the Business Rent Law (L. 1945, ch. 314, as amd.).
The facts adduced are as follows: The tenant became a lessee of Room No. 1203 in premises 369 Lexington Avenue, Manhattan, New York City, in 1946, pursuant to a lease with the then owner of the building. This lease terminated on April 30, 1947 and thereafter the tenant remained in possession as a statutory tenant. The space involved was used as a business office. Some time in December of 1953 the tenant was approached by the landlord and requested to change his location in the building so that the landlord could rent Room No. 1203 to another tenant on the same floor who needed additional space. In order to accommodate the landlord, the tenant consented to the removal and in January, 1954 the landlord at its own expense moved the tenant, lock, stock and bail'd, to Room No. 605 in the same building. The new space was comparable to the old space and the rent remained the same. No new agreement or lease was made. The relationship between the landlord and tenant was not altered.
The tenant has remained in possession of Room No. 605. Now, over two years after the tenant moved to Room No. 605, the present landlord contends that the tenant, in moving into said room, lost his status as a statutory tenant because Room No. 605 was vacant at the time the tenant took possession. It *515 is interesting to note that while no evidence was adduced at the trial with respect thereto, the answer of the tenant contains a “partial defense ”, the substance of which is that in January, 1956 in an application by the landlord in the Supreme Court, New York County, to secure a rent increase pursuant to section 4 of the Business Bent Law, the landlord set forth therein that the tenant of Room No. 605 was a statutory tenant. This occurred two years after the tenant moved from Room No. 1203.
It is agreed that the tenant, after the expiration of the 1946 lease, became a statutory tenant entitled to the protection of the Business Bent Law. The question now arises: Did it lose that status because, to accommodate the landlord, it was moved from one room to another by the landlord! Under section 12 of the Business Bent Law business space is decontrolled when it becomes vacant, as therein set forth. In my opinion, this tenant never lost its status as a statutory tenant entitled to the benefits of the rent control law. In Teicher v. Chatsworth Stations (134 N. Y. S. 2d 541, affd. 285 App. Div. 1044) the court, per Corcoran, J., stated (pp. 543-544): “ In my opinion, when the legislature added this decontrolling clause it intended it to apply to new landlord and tenant relationships created after March 31, 1950. It particularized subleases and omitted assignments. * * * [T]he decontrol must be limited to the situations and circumstances specified by the legislature and it should not be enlarged by judicial construction.”
It would be eminently unfair to the tenant under the circumstances here involved to hold that the landlord as soon as he moved the tenant to the new space could consider that the tenant was no longer a statutory tenant and that the landlord could immediately demand possession of the premises or seek an excessive rental. No such holding should be made by this court unless a statutory command compels the same. The equities involved herein should require that the landlord be estopped from taking the position that the tenant has lost the benefit of the rent control laws.
Under subdivision (kk) of section 8 of the Business Bent Law (L. 1945, ch. 314, as amd.), the landlord could have instituted a proceeding to relocate the tenant, under the conditions which existed. Surely, upon such relocation, the tenant would not have lost its status as a statutory tenant.
In view of the foregoing, it is my opinion that the tenant never lost its right to the protection of the rent control laws and the petition should be dismissed.