Maurice Wahl, J.
This is a holdover summary proceeding brought upon the expiration of tenants’ lease in the Lincoln Building, 60 East 42nd Street, New York City. Tenants defend on the ground that they are occupants of controlled premises under the Business Rent Law (L. 1945, ch. 314, as amd.) and by virtue of such law cannot be evicted in a holdover proceeding.
In January, 1942, the tenant, Henry, an attorney, leased Room 3915 in said building and remained in occupancy until Juné, 1953. At that time, the owner of the building, in order to enlarge the space of another tenant on the same floor, requested the tenant to move to Room 1405 in the said building, at the landlord’s expense. The parties agreed, verbally and in writing, that the tenant would retain the same statutory rights that he had as an occupant of Room 3915. The tenant thereupon moved to Room 1405. The writing, in the form of a letter by the landlord, contained tenant’s agreement to vacate Room 3915 and to move to Room 1405 “ on the same statutory basis, i.e., a month-to-month tenancy ’ ’.
Thereafter, in December, 1954, the tenant and the present landlord entered into a lease for Room 1405, commencing January 1, 1955, for a period of three years. This lease contained the statutory agreement fixing the reasonable rent in accordance with the Business Rent Law.
The petitioner contends that since the premises Room 1405 was vacant after March 31, 1950, the provisions of the Business Rent Law are inapplicable to the said space, or to the tenant’s occupancy thereof, and hence the space was decontrolled, and, further, that the landlord cannot waive the decontrolled status of the premises.
The argument advanced by the landlord that there can be no waiver in a case such as this, since waivers are unenforeible and void by virtue of section 12 of the Business Rent Law, leave this court singularly unimpressed. The short answer is that the purpose of the enactment of the rent laws was not for the sole benefit of the landlord. Manifestly, it would be inequitable to permit the petitioner to achieve its purpose. To consider it on the basis of estoppel, inequity or enforcible agreement is of little matter. There appear to be no reported decisions on the point involved herein; yet research indicated that in a similar proceeding, wherein the facts were not as persuasive, Judge Silverman of this court, in a lucid opinion, held for the tenant and dismissed the petition on the merits (Carmel Co. v. Greater Buffalo Press, 10 Misc 2d 464, affd. by Appellate Term, 10 Misc 2d 514).
*509 It seems to this court that a landlord may make an agreement with a tenant, for a consideration, whereby the tenant may have the same right as a statutory tenant, even though, it can be argued, such agreement could not make him a statutory tenant, since the latter status is created by statute only (Whitmarsh v. Farnell, 298 N. Y. 336). Matter of Smith (194 Misc. 718) is authority for the legality for the enforcement of contractual obligations between the landlord and tenant. In this latter case, the landlord and tenant had entered into a reasonable rental agreement providing for reasonable rent in excess of the emergency rent pursuant to section 4 of the Business Bent Law. The agreement provided that it was to continue in effect up to the termination of the lease or for any statutory extension of the period of occupancy. The court held (p. 721) that the landlord could not apply for a greater rent under section 4 because of the written agreement fixing the rent for the balance of the term of the lease as well as “ for any statutory extension of the period of occupancy of the tenant ”, and that the agreement remained in force and effect and dismissed the petition for a further rent increase.
It may be of interest to note that in the opinions of the State Rent Administrator relating to the State Rent and Eviction Regulations, published December 1, 1957, a matter of similar import was considered. In subdivision 8 of section 3, it is opined that where a tenant, living in a hotel room since December 2, 1949, and after March 1, 1950, moves into a different unit in the same hotel, at the request of the hotel or for its convenience, the tenant continues to be protected by the regulations in his occupancy of the new room. This opinion, though not conclusive upon this court, is, indeed, persuasive, and, in view of the circumstances, is acceptable.
In any event, it is more in harmony with the principles of natural justice to decide for the tenant herein. Petition dismissed.