OPINION OF THE COURT
Jay Stuart Dankberg, J.
“[E]very man shall bear his own burden” is hortatory advice given unto future generations in the New Testament (Galatians VI:5).
The New York State Legislature, in providing a residential tenant with a statutory right to sublet leasehold occupancy, has acceded to this Biblical suggestion by requiring the tenant to make a written request for permission to sublet (Real Property Law, § 226-b).
In the instant proceeding, after the expiration of a landlord-approved six-month subtenancy, the prime tenant was still dwelling in California and the subtenant and landlord were both present in New York. At that time, it was the subtenant who requested permission from the landlord for the tenant to continue to sublet the demised premises. Thus, it would appear that the subtenant agrees with William Shakespeare that “he does it with a better grace, but I do it more natural” (Twelfth Night, act II, scene III).
No reported New York court appears to have been faced with a similar fact pattern in the law of subletting under *722 section 226-b of the Real Property Law, and this decision, accordingly, is of apparent first impression.
The issue presented is: If a landlord, upon request, consents to a tenant’s subletting of an apartment for a limited period of time, must the tenant, at the end of such time, formally request permission to extend the sublease, even if circumstances (financial or otherwise) have not changed from the time of the initial request?
This issue arises in a motion by respondents and cross motion by petitioner, each seeking summary judgment, and a motion by respondents for an order permitting submission of additional papers on the summary judgment motion. The motions are consolidated for decision.
This decision, in which the parties’ rights, duties and obligations under section 226-b of the Real Property Law are discussed, demonstrates that a prime tenant’s failure to properly exercise his rights under the statute can result in forfeiture of his and his subtenant’s right to continued possession of the apartment.
FACTS
The facts, briefly stated, are: In July, 1979, the prime tenant (respondent Chiaro) executed a three-year renewal lease for the period commencing October 1, 1979 and ending September 30, 1982 for apartment 8D at 20 West 86th Street. In July, 1981, Chiaro requested permission to sublet to respondent Yulin for a six-month period, commencing August 1, 1981. Chiaro expected to be in California on business during this proposed sublet period. Petitioner landlord, by letter dated August 4, 1981, consented to the proposed six-month sublet.
In early February, 1982, petitioner served a notice to cure on the respondents due to Yulin’s continued occupancy beyond the expiration of the six-month sublet period. After the 10-day period to cure had elapsed without Chiaro either requesting an extension of the sublet, seeking consent to assign his rights to the apartment or curing the claimed breach of lease, petitioner served a notice of termination, ending the tenancy as of February 25, 1982.
This holdover proceeding was commenced in March, 1982. On a prior set of motions, by decision dated August 6, *723 1982, this court suggested that if respondents wished to have the period of subletting continue beyond the term of the tenant’s lease (and thus have the subtenancy be subject to the prime tenant’s right to a renewal lease), that respondents carefully follow the procedures set forth in section 226-b of the Real Property Law prior to the end of Chiaro’s lease in September, 1982. This suggestion was offered with the expectation that either Chiaro intended to continue his tenancy past the lease expiration date or Yulin (or another person) intended to continue as a subtenant. Instead, Chiaro thereafter attempted to assign his rights to the premises to Yulin on October 27, 1982 (after expiration of the prime lease in September).
Respondent Yulin’s position is that since petitioner landlord granted permission for a sublet, and there is no claim that any subsequent development has rendered the subtenant thereafter unsuitable, the original consent must apply to extend the subtenancy without a need to seek new permission from the landlord for the extension. Thus, to respondents, petitioner’s consent to the original sublet and. subsequent refusal to consent to the subtenant’s unilateral extension was unreasonable and in violation of section 226-b of the Real Property Law.
DECISION
Subtenant Yulin’s reliance on section 226-b of the Real Property Law in this situation is misplaced. Clearly, section 226-b of the Real Property Law protects a prime tenant’s common-law right to sublet (see Conrad v Third Sutton Realty Co., 81 AD2d 50, mot for lv to app den 55 NY2d 601). However, in order to invoke the protection of section 226-b of the Real Property Law, it is incumbent upon the tenant to establish that notification was given to the landlord in the manner required by statute (Claridge Gardens v Osorio, NYLJ, Dec. 23, 1981, p 7, col 1 [App Term, 1st Dept]; Langham Mansions Co. v Bodine, 117 Misc 2d 925 [App Term, 1st Dept]).
There is no possible construction of the statute which would allow a subtenant to provide notification of a possible sublet request to the landlord, since the subtenant’s rights flow from the prime tenant’s leasehold interest. There is no privity of estate or contract between the sub *724 tenant and the owner of the demised property (New Amsterdam Cas. Co. v National Union Fire Ins. Co., 266 NY 254, 259, 260; Conklin Dev. Corp. v Acme Markets, 89 AD2d 769, 770, app dsmd 58 NY2d 929; Anchor Holding Co. v Michael’s Coffee Shop, 81 AD2d 535). Only the prime tenant can properly notify the landlord of an intent to sublet. Respondent Yulin’s contention that he could give such notification is therefore without merit.
Although petitioner would have been hard pressed to demonstrate any injury or prejudice in Yulin’s holding over if Chiaro had complied with the statute before the approved sublease period had expired (or even before Chiaro’s lease had expired, as the court suggested in the August 6 decision) — since this subtenant had previously been approved and apparently financial and other relevant circumstances had not changed — once the agreed sublet period expired, the prime tenant could not give the subtenant any further valid right to continued possession.
Respondent Chiaro, by failing to assign his lease or sublet pursuant to statute, breached a substantial obligation of his tenancy, forfeited his right to possession, and thereby extinguished whatever rights his subtenant might have had. The purported assignment of October 27, 1982, was without effect, since on that date, Chiaro had nothing to assign (the lease having terminated on September 30, and no permission to assign was ever requested).
With specific reference to the two affirmative defenses pleaded by respondents in their answer, it is noted that respondents have not advanced any arguments in support of either defense in the submitted papers and have thus failed to sustain any burden of proof necessary to support an affirmative defense. Moreover, the petition appears to contain a proper verification and proper pleading of compliance with the rent stabilization requirements of 22 NYCRR 2900.21.
ADDITIONAL PAPERS
Respondents’ motion for an order permitting submission of additional papers, however reluctantly, is granted. Ordinarily, respondents’ motion for submission of additional papers should be denied since the original motion for *725 summary judgment was actually submitted in July, 1982 and was denied for procedural reasons. Upon resubmission of virtually the same papers, and with nearly six weeks having gone by since submission, respondents now claim to have come upon some previously undiscovered facts which are “vital” to the case. However, it is plain that respondents are attempting to alter the original legal argument, having become aware of deficiencies in the argument. Still, the “new” facts do not change the outcome of the motion, so there is no reason to disallow the additional papers.
The gist of the newly submitted affidavit by Chiaro’s former attorney is that he contacted the landlord on behalf of Chiaro to request an extension of the sublet or possibly to have an assignment approved. However, this contact by the lawyer does not change the above decision since the attorney also failed to comply with section 226-b of the Real Property Law by not notifying the landlord of Chiaro’s intent to extend the sublet in the manner provided by the statute. Therefore, the petitioner’s refusal to consent to any such sublet request was not unreasonable.
CONCLUSION
The maxim expressed by this decision is that when something important needs to be done, you should “do it yourself”.
Therefore, based upon the above, it is found that petitioner is entitled to a judgment of possession in its favor and against both respondents, based upon a breach of substantial obligation of tenancy. Thus, the cross motion by petitioner for summary judgment is granted and respondents’ motion for summary judgment is denied.
Settle order, providing either for a hearing for a stay pursuant to RPAPL 753 or for an agreed period of a stay, and also containing provision for a possible cure of the breach of substantial obligation of tenancy pursuant to RPAPL 753 (subd 4).