OPINION OF THE COURT

Per Curiam.

Appeal from order entered January 26, 1983 dismissed, without costs.
Following the trial of this summary holdover proceeding, a possessory final judgment was entered in favor of the landlord on October 20, 1981, upon a finding that the tenant had sublet his apartment without landlord’s consent and thereby breached a substantial obligation of his tenancy. Tenant’s appeal from the final judgment was dismissed for failure of prosecution in this court’s order dated October 12, 1982. Some months later, in January, 1983, tenant brought on a motion to permanently stay *425 execution of the warrant of eviction, citing to RPAPL 753 (subd 4), enacted subsequent to the entry of final judgment below, and alleging that the established lease violation (i.e., the unauthorized subletting) had been cured in February of 1982, with the removal of the complained of occupant from tenant’s apartment. Tenant’s application for a permanent stay of the warrant was denied below, and this appeal followed. After moving unsuccessfully before this court to stay eviction pending determination of the appeal, tenant vacated the apartment, which, we are told, has since been rerented to a third party not involved herein.
We recognize that the remedial provisions of RPAPL 753 (subd 4) may be properly applied with respect to the warrant in cases still in the appellate process, including those pending proceedings in which final judgment was rendered prior to the effective date of the statute (Klausner v Frank, 95 AD2d 653; Langham Mansions Co. v Bodine, 117 Misc 2d 925). This is not, however, such a “pending” case, tenant’s appeal from the final judgment having been dismissed for failure to prosecute after a protracted and unexplained delay in perfecting the appeal. “[A] prior dismissal for want of prosecution acts as a bar to a subsequent appeal as to all questions that were presented on the earlier appeal” (Bray v Cox, 38 NY2d 350, 353). Thus, tenant is now barred from pressing the belated claim that he is entitled to a stay of the warrant, that argument being one which could have, and presumably would have, been advanced on the prior appeal had it been timely perfected for the September 1982 Term, as required in the last conditional order of dismissal. Even were we to reach the merits of tenant’s application, the result would be the same, for the tenant, concededly no longer in possession of the subject premises, is not in a position to invoke the stay provisions contained within the statute.
Hughes, J. P., Sandifer and Parness, JJ., concur.