THEODORE F. WHITMARSH, Appellant and Respondent, *v.* WILLIAM E. FARNELL, Respondent and Appellant.

Argued October 21, 1948; decided January 13, 1949.

*Irving L. Kalish* and *Sydney A. Luria* for landlord, appellant and respondent.  I. The provisions of the city rent law (Administrative Code, § U41–7.0) are not applicable to the instant case where a final order was granted and a warrant issued prior to September 17, 1947, the effective date of the law.  (*Matter of Tartaglia* v. *McLaughlin,* 297 N. Y. 419; *People ex rel. Rayland Realty Co.* v. *Fagan,* 194 App. Div. 185, 230 N. Y. 653; *Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104; *Red*

*Hook Cold Storage Co.* v. *Department of Labor,* 295 N. Y. 1.) II. By virtue of the provisions of section 1446 of the Civil Practice Act, the Appellate Division, in affirming the orders of the Appellate Term, may not grant a further stay of execution of the warrant in the absence of an injunction suit for such relief. III. There is no legal requirement for the service of a thirty-day notice upon tenant as a condition precedent to the institution of dispossess proceedings. (Real Property Law, § 232-a; *Stern* v. *Equitable Trust Co.,* 208 App. Div. 13, 238 N. Y. 267; *Klipack* v. *Raymar Novelties, Inc.,* 273 App. Div. 54; *1239 Madison Ave. Corp.* v. *Neuburger,* 208 App. Div. 87; *Lewittes & Sons* v. *Spielmann,* 190 Misc. 35; *Shelton Bldg. Corp.* v. *Baggett,* 188 Misc. 709; *Curtin* v. *Porter,* 133 Misc. 707; *130 West 57 Corp.* v. *Hyman,* 188 Misc. 92; *Hecht Co.* v. *Kuerner,* 188 Misc. 519; *Tripodi* v. *Rudershausen,* 186 Misc. 363.)

*L. Reyner Samet* and *Charles S. Port* for tenant, respondent and appellant. I. This proceeding was still pending on the effective date of the New York City Rent Control Law because the warrant to dispossess had not been executed and the tenant was still in possession of the apartment. Accordingly, this proceeding came within the express provision of those laws prohibiting evictions in " pending " proceedings. The Appellate Division properly stayed execution of the warrant. (*Matter of Tartaglia* v. *McLaughlin,* 297 N. Y. 419; *Wegman* v. *Childs,* 41 N. Y. 159; *Mulstein Co.* v. *City of New York,* 213 N. Y. 308; *People ex rel. Rayland Realty Co.* v. *Fagan,* 194 App. Div. 185, 230 N. Y. 653; *Matter of Cohen* v. *Starke,* 269 App. Div. 256; *People ex rel. H. D. H. Realty Corp.* v. *Murphy,* 194 App. Div. 530, 230 N. Y. 654; *Manhattan Co.* v. *Commissioner,* 297 U. S. 129; *Miller* v. *United States,* 294 U. S. 435; *Dun & Bradstreet, Inc.,* v. *City of New York,* 276 N. Y. 198; *Socony-Vacuum Oil Co.* v. *City of New York,* 247 App. Div. 163, 272 N. Y. 668.) II. The landlord's failure to serve a thirty-day notice to quit required a dismissal of the petition. The term of the lease having expired in 1946, the tenancy was thereafter of indefinite duration, and a notice to quit was necessary under section 232-a of the Real Property Law. (*Witherbee, Sherman & Co.* v. *Wykes,* 159 App. Div. 24; *Larned* v. *Hudson,* 60 N. Y. 102; *Reeder* v. *Sayre,* 70 N. Y. 180; *People ex rel. Botsford* v. *Darling,* 47 N. Y. 666; *Pugsley* v *Aikin,* 11

N. Y. 494; *Hungerford* v. *Wagoner,* 5 App. Div. 590; *Hand* v. *Knaul,* 116 Misc. 714; *Banks* v. *Carter,* 7 Daly 417; *Anderson* v. *Prindle,* 23 Wend. 616; *Stern* v. *Equitable Trust Co.,* 238 N. Y. 267.)

LEWIS, J. By this summary proceeding the plaintiff, as a landlord, seeks to evict the defendant, as a tenant, from a fifth-floor apartment in a building in New York City known as 103 East 75th Street in the borough of Manhattan.

The tenant has occupied the apartment involved since 1938, under a succession of leases the last of which expired September 30, 1946. Prior to the date last mentioned the managing agents of the building by a process of reorganization had " re-cooperated " the building, during which process the defendant had declined an opportunity afforded him to purchase the apartment he occupies. Following the defendant's declination of such offer a proprietary lease of the apartment was acquired by the present plaintiff who made the purchase to secure living quarters for his family. In the meantime, prior to the expiration of the defendant's last lease, he received from the managing agents a written notice that his lease would not be renewed by the new owner and that if the defendant should remain in possession after October 1, 1946, he would do so as a statutory tenant subject to such legal rights as would accrue to him and the owner in the circumstances. On September 2, 1947 — ten days after the present plaintiff had acquired his proprietary lease — he instituted the present proceeding in the Municipal Court of the City of New York by service upon the defendant of a precept and petition.

The trial resulted, on September 11, 1947, in a final order in the landlord's favor and a direction by the court that a dispossess warrant be issued forthwith but that execution thereof be stayed for thirty days. It happened, however, that on September 10, 1947 — the day when this proceeding was tried in Municipal Court — the city council and the board of estimate of the City of New York enacted Local Law No. 66 (1947) which became effective September 17, 1947, upon approval by the Mayor and added section U41–7.0 to chapter 41 of the Administrative Code of the City of New York. Thereafter, on February 3, 1948, there became effective chapter 4 of the Laws of

1948 which, by its terms, " legalized and validated " Local Law No. 66 (1947) and other related local laws.

After declaring that a " shortage of apartments " in New York City had created an emergency which made action by local law necessary to prevent disruptive practices producing threats to health, safety and general welfare, Local Law No. 66 (1947), commonly known as the New York City Rent Control Law, imposed certain restrictions upon a landlord's right to evict a tenant from an apartment. Of those restrictions the following are relevant to our problem (Administrative Code, § U41–7.0, subds. c, d, h, o):

" c. *Evictions*. Except for non-payment of rent, no tenant shall be removed from any apartment by action or proceeding to evict or to recover possession, by exclusion from possession, or otherwise, unless the commission [temporary city housing rent commission created pursuant to section U41–6.0] shall certify that one or more of the following grounds for such exclusion or eviction exists:

" (1)   *   *   *

" (2) Subject to the provisions of subdivisions h and i of this section, the landlord seeks in good faith to recover possession of such apartment for his immediate and personal use and occupancy as housing accommodations;   *   *   *.

" d. Eviction certificate; application required. *Prior* to the institution of any summary proceedings or any other action or proceeding to evict a tenant or to recover possession of an apartment, except for non-payment of rent, the person instituting such action or proceeding shall file in triplicate with the commission, a verified application for a certificate of eviction. Such application shall contain a detailed statement of the facts upon which such action or proceeding is based. The commission shall promptly transmit a copy of such application to the department of housing and buildings and the department of health, which departments shall promptly furnish the commission with such information or reports as the commission shall require concerning the premises and the tenants thereof, described in the application filed pursuant to this subdivision.

" The commission shall, as promptly as is practicable, render its determination granting or denying a certificate of eviction under subdivision c of this section and shall promptly notify

the person filing such application for such certificate, of such determination.  *  *  *

"h. Evictions; sale of apartments in buildings or structures. No landlord, seller or purchaser of any apartment in any building or structure or of any stock or other evidence of interest in such apartment shall remove a tenant from such apartment by action to evict or to recover possession, by exclusion from possession or otherwise, on the ground that he seeks to recover possession of such apartment for the immediate and personal use and occupancy as housing accommodations by such landlord or purchaser.

"*The provisions of this subdivision shall not apply to* (1)  *  *  * (2) *Any sale or contract of sale of any apartment in any building or structure or of any stock or other evidence of interest in an apartment in any building or structure in which eighty per cent or more of the tenants occupying such building or structure have purchased or have contracted to purchase the apartments occupied by them* or have purchased or have contracted to purchase any stock or other evidence of interest in the apartments occupied by them at the time of the filing by the landlord or by any other person entitled to file of any application for a certificate of eviction.  *  *  *

"o. *Application and duration. The provisions of this section shall apply to all pending and future eviction proceedings* and shall terminate on September 30, 1948, unless it is sooner determined by local law that the emergency no longer exists." (Emphasis supplied.)

On September 23, 1947, the defendant-tenant applied in Municipal Court for an order vacating the final order which had issued in this proceeding on September 11, 1947 — the execution of the warrant thereunder having been stayed. That application was based in part on the contention that the enactment of Local Law No. 66 on September 10, 1947, and its approval by the Mayor on September 17, 1947, in legal effect served to prohibit the eviction of the defendant-tenant and requires that the petition herein be dismissed upon the ground that this proceeding was pending on September 11, 1947 — on which date the warrant to dispossess had been issued but had not been executed. On October 2, 1947, an application by the

defendant-tenant to vacate the final order issued by the Municipal Court was denied.

The defendant-tenant then appealed to the Appellate Term by leave of that court, the appeal being (1) from the final order issued by Municipal Court on September 11, 1947, and (2) from the order of Municipal Court denying the defendant-appellant's motion to vacate the final order. The Appellate Term, one Justice dissenting, affirmed the final order of Municipal Court and by a separate order dismissed the appeal from the order denying the defendant's motion to vacate the final order. The Appellate Term then granted leave to the defendant to appeal to the Appellate Division where the order of the Appellate Term was affirmed — '' but execution of the warrant of eviction [was] stayed, without prejudice, however, to such proceedings as the landlord may be advised to take in accordance with the provisions of the city rent control law." (The Presiding Justice dissented '' insofar as execution is stayed.") (273 App. Div. 584, 590.) The Appellate Division order also affirmed the order of the Appellate Term dismissing the appeal from the Municipal Court order denying the tenant's motion to vacate, the final order.

The plaintiff-landlord appeals to this court by leave of the Appellate Division, on three certified questions, from so much of the order of that court as provides for a stay of execution of the warrant of eviction issued in his favor in this proceeding. The defendant-tenant appeals by leave of the Appellate Division, on a single certified question, from the order of that court insofar as it determines that the petition in this proceeding was not jurisdictionally defective in that it failed to allege that a thirty-day notice of termination of tenancy was served by the plaintiff-landlord upon the defendant-tenant.

In connection with the appeal by the plaintiff-landlord the Appellate Division certified the following three questions:

'' A. Are the provisions of the City Rent Laws, Administrative Code § U41–7.0 applicable to the instant case where a final order and warrant were issued prior to September 17, 1947 but this warrant of eviction had not been executed prior to the effective date of the Act, upon which date the tenant was still in possession of the premises?

'' B. Is Regulation II, Article II, Section 2, subdivision b promulgated by the Temporary City Housing Rent Commission

which provides: ' Section 2(b). A proceeding to evict is deemed to be pending if a warrant of eviction was not issued therein prior to September 17, 1947.' In the light of the provisions of the State Act (L. 1947 [*sic*], Chap. 4) the City Rent Laws, and prior Court decisions, valid and enforceable when interpreted to mean that such proceeding is not pending if a warrant was issued but not executed prior to such Act?

" C. Considering the specific provisions of the special statute, enacted in an emergency (adm. code, Sec. U41–7.0 and the Regulations) prohibiting a landlord from taking any further action to evict without procuring a certificate of eviction from the City Rent Commission, may the Court grant a stay of execution of the warrant herein in view of the provisions of the General Statute, Section 1446 of the Civil Practice Act? "

Upon the appeal by the defendant-tenant the following single question was certified: " Is the petition herein jurisdictionally defective in that it fails to allege that a thirty-days' notice of termination of tenancy was served by the landlord on the tenant? "

Although, following the expiration on September 30, 1946, of the defendant-tenant's last lease he has continued to pay rent thereunder in advance, he is no longer a tenant at will or by sufferance, nor is he a month-to-month tenant — in view of the emergency legislation which had become effective prior to the expiration of his last lease. His occupancy of the apartment after his lease expired was not under any agreement express or implied but by virtue of a compulsion exerted on the landlord by the local emergency rent law which allowed him to remain in possession. (See *1239 Madison Ave. Corp.* v. *Neuberger*, 208 App. Div. 87, 89–91.) After September 30, 1946, he became a statutory tenant because, by suspending the possessory remedies which his last lease had given him, the local emergency rent law in legal effect extended, against the will of the landlord, the right of the tenant to remain in possession of the leased premises. (*Stern* v. *Equitable Trust Co.*, 238 N. Y. 267, 269–270.) In those circumstances — contrary to the defendant-tenant's contention upon his appeal — the plaintiff-landlord was not required to serve the thirty-day notice of termination of tenancy called for by sections 228 and 232-a

of the Real Property Law. (See *1239 Madison Ave. Corp.* v. *Neuberger, supra,* p. 90.)

We also conclude that, although the warrant to dispossess the defendant-tenant was issued before September 17, 1947, on which date Local Law No. 66 (1947) became effective, the fact that on that date the warrant had not been executed dictates the conclusion that the proceeding was still " pending " within subdivision o of section U41–7.0 of the Administrative Code which provides — " The provisions of this section shall apply to all pending and future eviction proceedings ". The present proceeding is designed to accomplish *evictions*. As the warrant, in and of itself, does not accomplish eviction until it is executed, and as it had not been executed on September 17, 1947, when Local Law No. 66 became effective, no eviction had taken place up to that date and accordingly the proceeding was then pending. That view has the support of adjudicated cases. (See *Wegman* v. *Childs,* 41 N. Y. 159, 161–163; *People ex rel. H. D. H. Realty Corp.* v. *Murphy,* 194 App. Div. 530, 534–536, affd. 230 N. Y. 654; *Grattan* v. *Tierney Sons, Inc.,* 226 App. Div. 811.) In *Matter of Tartaglia* v. *McLaughlin* (297 N. Y. 419) — where a final dispossess order had issued before the effective date of Local Law No. 66 (1947) but no warrant had issued — it was that latter fact which became decisive and prompted the statement by Chief Judge LOUGHRAN (p. 424) that the proceeding " was still pending within the meaning of the local law, for no warrant was ever issued in that proceeding ". We think the same reasoning applies in the present case where, although a final order and a warrant had issued, the warrant had not been executed. It follows that the defendant — in protecting his rights as a statutory tenant — may invoke the provisions of Local Law No. 66 (1947).

We have seen from provisions of subdivision d of section U41–7.0 of the Administrative Code, quoted (*supra*) that it is a prerequisite to the institution by a landlord of a proceeding to recover possession of an apartment, that he file with the temporary city housing rent commission a verified application for a certificate of eviction. Despite this requirement of the local law the plaintiff-landlord failed either to allege in his petition or to establish by evidence that prior to the institution of this summary proceeding he made the required application

for a certificate of eviction. Furthermore, under paragraph (2) of subdivision (h) of section U41–7.0 quoted (*supra*), before an owner of an apartment can remove a tenant in possession it must appear that 80% or more of the tenants occupying the building in which the apartment is located have, by purchase or stock owner- ship, become co-operative owners. We find in the record no evi- dence which satisfies those requirements of the local law. Indeed, in an affidavit of record herein filed in support of a motion by the defendant-tenant to vacate the final order, dated Sep- tember 11, 1947, and to dismiss the petition, the statement is made — which is not denied by the answering affidavit filed by the plaintiff-landlord — that 80% of the tenants in the building in which the apartment in suit is located have not purchased the apartments they occupy.

Concluding, as we do, that the New York City Rent Control Law (Local Law No. 66 [1947]) applies to the controversy here involved and that this proceeding was pending on Sep- tember 17, 1947, when Local Law No. 66 (1947) became effective; and there being no record proof that prior to the institution of this proceeding the plaintiff-landlord applied to the tem- porary city housing rent commission for a certificate of eviction as required by subdivision d of section U41–7.0, the orders should be reversed and the petition dismissed, without costs. Of the three questions certified in connection with the plaintiff's appeal we answer question " A " in the affirmative; we do not answer questions " B " and " C ". The single question certified in connection with the defendant's appeal is answered in the negative.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE and FULD, JJ.. concur.

Orders reversed, etc.