JOSEPH CONNELL, Plaintiff, *v.* ISIDORE LAMAR et al., Defendants.

Supreme Court, Special Term, Kings County, November 9, 1949.

*Daniel J. Siegler* for Isidore Lazar and another, defendants.

*Sol Block* for Mary Rubenstein and others, defendants.

*Winn, Graubard & Shapiro* for plaintiff.

NOVA, J. In an action for damages sustained by plaintiff, a former tenant of business space, for an alleged improper eviction, defendants Rubenstein and Markowitz move to dismiss the complaint as against them on the ground that the complaint fails to state facts sufficient to constitute a cause of action. Plaintiff, in turn, cross-moves for an examination of the defendants before trial.

The complaint sets forth five causes of action. The first, second and third causes of action are set forth against the defendants Lazar who are not involved in the instant motion. The fourth and fifth causes of action are set forth against all of the defendants. The fourth cause of action charges an alleged conspiracy among all the defendants in fraudulently depriving the plaintiff of his occupancy. The fifth cause of action charges the moving defendants with intentionally, maliciously and willfully inducing the other defendants to breach their contractual tenancy relationship with the plaintiff.

The complaint alleges that plaintiff was a tenant of the defendants Lazar from 1939 to September 30, 1947. That during the month of May, 1947, the defendants Lazar instituted a proceeding pursuant to subdivision (d) of section 8 of chapter 314 of the Laws of 1945, as amended, to evict the plaintiff upon the ground that they needed the business space for their own use. A final order of eviction was granted and the plaintiff vacated the premises on September 30, 1947. Thereafter and on October 21, 1947, the defendant Mary Rubenstein acquired title to the premises and as a result of such sale the defendants Lazar became subject to an action for damages.

Giving the complaint the benefit of every fair inference and intendment, it fails to set forth a cause of action either under common or statutory law against the moving defendants. Plaintiff's occupancy prior to his eviction stemmed from the enact-

ment of chapter 314 of the Laws of 1945, as amended. Under the statute the plaintiff became a statutory tenant. He remained in possession not by virtue of any agreement, express or implied, with the defendants Lazar but by virtue of the compulsion imposed by the statute (*Stern* v. *Equitable Trust Co.*, 238 N. Y. 267; *Whitmarsh* v. *Farnell*, 298 N. Y. 336, 343). There being no agreement between the parties, it cannot be said that the moving defendants induced the defendants Lazar to breach the contractual tenancy of the parties. Were it not for the statute suspending the possessory remedies of the landlords, the defendants Lazar could have dispossessed the plaintiff, regardless of the motive. What right the plaintiff has flows from the statute.

The courts in construing a statute should not impute to the Legislature an intent to change well-established rules of law in the absence of a clear manifestation of such intention (*People* v. *Palmer,* 109 N. Y. 110; McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 153), and when a statute creates a new right and specifies the remedy for the enforcement of that right, the remedy is generally exclusive (*Brewster* v. *Rogers Co.,* 169 N. Y. 73, 80; McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 240).

The cause of action created by the statute for recovery of damages for alleged wrongful dispossession lies only against the defendants Lazar, the landlords. Nowhere in the statute is a tenant authorized to institute an action against anyone other than the landlord. All proceedings to evict the plaintiff were undertaken by the defendants Lazar and not by the moving defendants.

Under the circumstances, the motion to dismiss the complaint as against the moving defendants is granted and the motion for the examination before trial denied.