Callahan, J.
This summary proceeding for nonpayment involves a question as to the emergency rent of business space (see L. 1945, ch. 314, as amd.).
In May, 1939, the tenant entered into a lease of store premises for a term expiring February 28,1945. On the statutory * ‘ freeze date ” (Jurie 1,1944) the rent under the lease was $115 monthly, but the landlord had been accepting $90 a month voluntarily and as a matter of grace since January, 1943. The tenant continued to pay the reduced rate for the balance of the term. On February 7,1945, the parties made a new agreement for one month commencing March 1,1945, at the same $90 rental. The tenant, however, held over the term, and the landlord continued to accept this monthly rental through August, 1945.
Meanwhile, and on March 28,1945, the so-called Business Bent Law (L. 1945, ch. 314) became effective. On April 12, 1945, the landlord’s agent sent a notice as required by the statute (§3) to the effect that the emergency rent for the tenant’s space was the sum of $132.25 ($115, plus 15%) per month. This notice also stated that “ If the amount of such emergency rent differs from the amount specified in your lease, the smaller amount is the rent currently payable under the terms of said statute.” The landlord further reserved its right to seek an increased rental in *133 accordance with the provisions of the emergency rent law (see §4).
On July 25, 1945, the tenant was advised that his rent would be $110 a month starting September 1,1945, without prejudice to any rights of the landlord under the law. And this rental was paid by the tenant thereafter until November 1, 1946. On that date the landlord notified the tenant that the rental beginning December 1, 1946, would be the full emergency rent of $132.25 per month. The tenant, however, offered to pay only $103.50 for each of the months of November and December, 1946, apparently on the theory that the emergency rent should be calculated on the basis of the actual rent paid on the “ freeze date ” ($90 plus 15%) rather than the rent reserved and payable under the lease then in force ($115, plus 15%). The landlord’s refusal to accept such sum led to the present proceedings.
The Municipal Court found that the emergency rent was $132.25 per month for the tenant’s quarters and awarded a final order in favor of the landlord. The Appellate Term reversed and held that the landlord was limited to a rental of $90 per month by reason of the monthly tenancy agreement of February 7,1945, and its letter dated April 12, 1945, after the effective date of the emergency rent law, fixing such sum as “ the rent currently payable under the terms of said statute,” followed by acceptance of this amount for some time.
The statute (§5) provides as follows: “ Nothing contained in this act shall authorize a landlord to seek, demand or receive increased rent, (a) under any lease or rental agreement made prior to the effective date of this act wherein the rent reserved does not exceed the emergency rent; or, (b) under any lease or rental agreement made after the effective date of this act wherein the rent reserved is less than the emergency rent.”
In our opinion the decision of the Municipal Court was correct. There was no lease in effect after March 31,1945. Thereafter the tenant continued in possession as a statutory tenant, and not as a monthly tenant or under any agreement express or implied (Whitmarsh v. Farnell, 298 N. Y. 336, 343). We do not think that the letter of April 12,1945, intended merely as a compliance with the statutory requirements in regard to notice (§3), had the effect of a binding agreement to accept less than the emergency rent of the tenant’s premises computed on the basis of the rent reserved under the lease in effect on the “ freeze date,” plus 15%. The statement in such notice with respect to payment of the “ smaller amount ” as between the emergency *134 and lease rental has no particular significance in the circumstances of this case. The tenant was a statutory tenant, and there was no current lease fixing a rental at the time the notice was given. The statute (§ 5) was not applicable to prohibit an increase of rent in this case, since the landlord was not seeking to raise the rent reserved under an existing lease.
The acceptance of $90 a month for a time, when the landlord might have demanded or been entitled to more, only amounted to a forgiveness of the balance during such period, and thus precluded a recovery of arrears. This, however, did not foreclose the landlord’s right to the emergency rent in futuro (see McKenzie v. Harrison, 120 N. Y. 260, and Auswin Realty Corp. v. Kirschbaum, 270 App. Div. 334).
The determination of the Appellate Term should be reversed and the final order of the Municipal Court reinstated, with costs to the appellant.
Dore, J. P., Cohn, Van Voorhis and Shientag, JJ., concur.
Determination of the Appellate Term unanimously reversed, with costs to the appellant and the final order of the Municipal Court reinstated. Settle order on notice.