Burton S. Sherman, J.
In this nonjury action the plaintiff landlord seeks to recover retroactive rent awarded by the Housing and Development Administration, Office of Rent Control from a tenant who vacated the premise's prior to the issuance of the award. Counsel fees are also sought.
The undisputed facts are: The defendant was a tenant at plaintiff’s apartment house under a lease executed in November, *138 1964. He remained as a statutory tenant from November, 1967 until he vacated on August 31, 1973. In December, 1973, the Office of Rent Control .issued an order setting the maximum base rent for defendant’s apartment effective January 1, 1972. The landlord seeks to collect such maximum rent amounting to $717.08 from January 1, 1972 until August 31, 1974 when the tenant vacated. The court finds that the plaintiff landlord acted expeditiously to obtain the maximum base rent order. There is therefore no issue of laches.
The court has found no reported case in point. However, amendment 38 of the Rent, Eviction and Rehabilitation Regulations effective September 12, 1972 entitled retroactive adjustments states: ‘ ‘ Where an order establishing or adjusting a maximum rent, or the portion thereof collectible from a particular tenant, is effective as of a date prior to the date of its issuance, (1) any rent to which the landlord shall be entitled for such prior period shall be payable by the tenant in installments, except that a tenant who vacates the premises when rent for such prior period has not been fully paid shall be obligated to pay the balance forthwith.” The landlord-tenant relationship is contractual. Under such circumstances a tenant would have an option to accept an offer of a rent increase or vacate. This, of course, did not happen in this case since the increase was awarded after the tenant vacated. However, a statutory tenant does not remain in possession solely as a result of contract. The rent laws extend ‘ ‘ against the will of the landlord, the right of the tenant to remain in possession ” (Whitmarsh v. Farnell, 298 N. Y. 336, 343). As a consideration for this benefit, the tenant impliedly agrees to abide by the rent law, regulations and administrative rulings thereunder. He cannot accept the benefits of rent control without accepting the obligations thereunder. Accordingly, although the tenant in this case vacated before the retroactive increase was granted, he was bound to accept and pay any ordered retroactive increase as a condition for having previously remained in possession of the apartment as a statutory tenant for six years. In this case the increase amounted to $717.08.
The prior lease provided for the payment to landlord of reasonable attorney’s fees incurred by reason of the tenant’s default. This provision carries over into the statutory tenancy. (Barrow Realty Corp. v. Village Brewery Rest., 272 App. Div. 262.) The court finds the reasonable value of such services to be $300. Plaintiff may have judgment for $1,017.08 with costs.