■ TEGREH REALTY CORP., Respondent, v BRENDON JOYCE, Appellant. — Order, Appellate Term, First Department, entered on January 27, 1981, which affirmed a final judgment of the Civil Court, New York County (Pellegrino, J.), entered on May 27, 1980, awarding possession of the subject premises to petitioner landlord, unanimously reversed, on the law, without costs, and the petition dismissed. The *Per Curiam* opinion of the Appellate Term, which affirmed the judgment of the Civil Court giving possession of apartment 5C at 71 West 71st Street in Manhattan to the landlord, was based upon the authority of *La Guardia v Cavanaugh,* NYLJ Feb. 21, 1979, p 10, col 5, affd 73 AD2d 1067, affd 53 NY2d 67). *La Guardia* held that class B multiple dwellings were not encompassed by the regulatory rent control and stabilization laws. However, the State Legislature interceded to extend protection to tenants of class B multiple dwellings (L 1981, ch 675, amdg Administrative Code of City of New York, § YY51-3.0, subd b). The act was made effective immediately and was expressly deemed to have been in full force and effect as of June 4, 1981. Although petitioner contends that the new statute does not apply to appellant, since at the time that chapter 675 was adopted, the tenant was in possession only as a result of the stay of execution previously granted, it is clear that the legislative purpose was to include within the coverage of the law those persons against whom final judgments of eviction had been rendered. In fact, the speed with which the Legislature acted to undo the impact of *La Guardia v Cavanaugh (supra),* and the immediate effectiveness of the statute are indicative of its intent to retroactively safeguard those tenants still in possession. (See, also, *Whitmarsh v Farnell,* 298 NY 336, wherein the Court of Appeals stated that the then recent rent control law was applicable to all pending and future eviction proceedings even though the final orders of eviction had been entered prior to passage of the new law.) Concur — Carro, J. P., Lupiano, Silverman, Fein and Milonas, JJ.

■ METS PARKING INCORPORATED et al., Respondents-Appellants, v NEW YORK STATE URBAN DEVELOPMENT CORPORATION, Appellant-Respondent. — Order and judgment (one paper), Supreme Court, New York County (Ryp, J.), entered October 19, 1981 granting CPLR article 78 petitions to the extent of directing appellant to hold another public hearing, is unanimously modified, on the law, to the extent that decretal Paragraph Nos. 3 and 4 are reversed and vacated, and the petitions are dismissed, and the order is otherwise affirmed, without costs. The "public hearing" held by appellant, the New York State Urban Development Corporation, satisfied the legal requirements for such a hearing under section 16 (subd [2], par [c]) of the New York State Urban Development Corporation Act (L 1968, ch 174, as amd) and EDPL 201. Concur — Sandler, J. P., Ross, Silverman, Bloom and Lynch, JJ.