OPINION OF THE COURT
Joseph DiFede, J.
Motion by defendant, Carole Ramos, for summary judgment in her favor is granted.
The defendant proceeded by order to show cause for permission to amend her answer to include additional affirmative defenses and for summary judgment. This court on July 11, 1984, granted that part of the defendant’s application to amend her answer and set that part of the defendant’s application for summary judgment for a hearing on August 11, 1984. On that date this court heard oral arguments by both sides and both sides have since submitted written briefs in support of their positions.
Plaintiff in this action is a cooperative apartment management corporation, and defendant is a shareholder in and resident of said cooperative. The plaintiff in June, 1978, by its board of directors, issued certain regulations permitting only those animals acquired prior to July 11,1978, to continue to be housed *417 by cooperators on the subject premises. The plaintiff has brought this action and alleges that the defendant violated these regulations by having acquired one of her dogs after July 11,1978, and is seeking a declaratory judgment to determine the rights of the parties.
The defendant had made a prior application for summary judgment contending that there was no question of fact as to her compliance with the defendant’s regulation. Justice Callahan of this court rendered a decision dated January 4, 1982, and held that there was an issue of fact as to when the defendant acquired her dog, and as to whether she had submitted the form as required by the plaintiff’s regulations.
The court in its decision of July 11, 1984, permitted the defendant to amend his answer to include as an affirmative defense that the no-pet provision relied on for this action has been waived pursuant to section D26-10.10 of the Administrative Code of the City of New York. The plaintiff’s position is that the city council lacked the power to enact section D26-10.10 of the Administrative Code. The plaintiff also asserts that if section D26-10.10 was validly enacted, it does not apply to cooperative housing companies and that section D26-10.10 does not apply to this action because this action was commenced prior to the enactment of section D26-10.10.
The plaintiff has conceded that if section D26-10.10 was validly enacted and applies retroactively to cooperatives then the motion for summary judgment must be granted.
On October 26, 1983, the Mayor of New York City signed and approved intro 569-B, effective immediately, amending article 10 of subtitle II of title D of chapter 26 of the Administrative Code by adding a new section D26-10.10 which provides as follows:
“Rights and Responsibilities of Owners and Tenants in Relation to Pets. — a. Legislative Declaration. The council hereby finds that the enforcement of covenants contained in multiple dwelling leases which prohibit the harboring of household pets has led to widespread abuse by building owners or their agents who knowing that a tenant has a pet for an extended period of time seek to evict the tenant and/or his pet often for reasons unrelated to the creation of a nuisance. Because household pets are kept for reasons of safety and companionship and under the existence of a continuing housing emergency it is necessary to protect pet owners from retaliatory eviction and to safeguard the health, safety and welfare of tenants who harbor pets under the circumstances provided herein. It is hereby found that the *418 enactment of the provisions of this section is necessary to prevent potential hardship and physical dislocation of tenants in this city.
“b. Where a tenant in a multiple dwelling openly and notoriously for a period of three (3) months or more following taking possession of a unit harbors or had harbored a household pet or pets, the harboring of which is not prohibited by the Multiple Dwelling Law, the Housing Maintenance or the Health Codes of the City of New York or any applicable law, and the owner or his agent has knowledge of this fact, and such owner fails within this three (3) months period to commence a summary proceeding or action to enforce and lease provision prohibiting the keeping of such household pets, such lease provision shall be deemed waived.
“c. It shall be unlawful for an owner or his agent by express terms or otherwise to restrict a tenants rights as provided in this section. Any such restriction shall be unenforceable and deemed void as against public policy.
“d. The waiver provision of this section shall not apply when the harboring of a household pet causes damage to the subject premises, creates a nuisance or interferes substantially with the health, safety, or welfare of other tenants or occupants of the same or adjacent building or structure.
“e. The New York City Housing Authority shall, be exempt from the provisions of this section.
“Section 2. This local Law shall take effect immediately and shall apply to existing and future leases and renewals.”
This law took effect on or about October 26, 1983. This action was commenced by service of a summons and complaint on May 9, 1980, prior to the effective date of the statute.
The plaintiff argues that the Urstadt Law (L 1962, ch 21, § 1, subd 5, as amd) restricted the City of New York’s authority to regulate rents and evictions and the City of New York lacked the power to validly enact section D26-10.10 of the Administrative Code.
The Urstadt Law provides in part: “Each city having a population of one million or more * * * acting through its local legislative body * * * may adopt and amend local laws or ordinances in respect of the regulation and control of residential rents, including but not limited to provision for the establishment and adjustment of maximum rents, the classification of housing accommodations, the regulation of evictions, and the enforcement of such local laws or ordinances. The validity of any such *419 local laws or ordinances, and the rules or regulations promulgated in accordance therewith, shall not be affected by and need not be consistent with the state [statutes].”
Chapter 21 (§ 1, subd 5) of the Laws of 1962 (as amd) goes on to further provide: “Notwithstanding the foregoing, no local law or ordinance shall hereafter provide for the regulation and control of residential rents and eviction in respect of any housing accommodations which are (1) presently exempt from such regulation and control or (2) hereafter decontrolled either by operation of law or by a city housing rent agency, by order or otherwise. No housing accommodations presently subject to regulation and control pursuant to local laws or ordinances adopted or amended under authority of this subdivision shall hereafter be by local law or ordinance or by rule or regulation which has not been theretofore approved by the state commissioner of housing and community renewal subjected to more stringent or restrictive provisions of regulation and control than those presently in effect.”
The Urstadt Law was not intended to place restrictions on a municipality other than with respect to rent control regulation. A municipality was not restricted by the Urstadt Law from adopting public safety regulations even though they may have effected rent-controlled housing. The Urstadt Law was passed by the Legislature to restrict municipalities from enacting more stringent economic and rent-controlled restrictions in order to encourage the construction of new housing in the City of New York (see memorandum, NY Legis Ann, 1971, p 562). The enactment of section D26-10.10 does not violate the spirit or the letter of the Urstadt Law.
The plaintiff contends that section D26-10.10 of the Administrative Code does not apply to a proprietary lease of a cooperative.
Subdivision e of section D26-10.10 expressly exempts the New York City Housing Authority from its provisions.
As set forth in section 240 of McKinney’s Statutes (McKinney’s Cons Laws of NY, Book 1): “Where a statute creates provisos or exceptions as to certain matters the inclusion of such provisos or exceptions is generally considered to deny the existence of others not mentioned”.
Moreover, traditional statutory construction requires that cooperatives be held covered. For as set forth elsewhere in McKinney’s Statutes (op cit., § 74): “when the Legislature by the use of general language has given an act a general application, the failure to specify particular cases which it shall cover does *420 not warrant the court in inferring that the Legislature intended their exclusion. On the contrary, in such cases, if the Legislature did not intend the act to apply to such cases, ‘it would have been easy to have said so.’ ”
This court finds that all tenants, including cooperative tenants, are in need of the protection of the “Pet Law”.
The plaintiff further contends that the “Pet Law” should not be applied retroactively.
This court finds that the remedial purpose of the “No Pet Law” requires retroactive application. In Garsen v Nimmo (NYLJ, Feb. 14, 1984, p 14, col 4) the court had the opportunity to construe the application of section D26-10.10 to an action that was pending prior to the enactment of section D26-10.10. The court held as follows: “While the instant action was brought prior to the enactment of the new local law, the law was made effective immediately and expressly applicable to ‘existing’ leases (section 2), indicative of a legislative intent that its provisions be implemented in pending eviction proceedings. Retrospective application is further warranted in light of the law’s remedial purpose as expressed in the stated legislative declaration — to wit, that ‘. . . under the existence of a continuing housing emergency it is necessary to protect pet owners from retaliatory eviction and to safeguard the health, safety and welfare of tenants who harbor pets . . . [and] to prevent potential hardship and dislocation of tenants within this city’ (see Gordon & Gordon v. Madavin, Ltd., 108 Misc. 2d 349, aff’d 85 A.D.2d 937; Tegreh Realty Corp. v. Joyce, 88 A.D.2d 820).” (Emphasis supplied.)
In Gordon & Gordon (supra) a landlord argued that a new Loft Law should not be applicable to that proceeding because the proceeding was commenced and final judgments were rendered prior to the effective date of the new law in that case. Nonetheless the Appellate Term, First Department, held that:
“[w]e recognize that prospective interpretation of statutes is generally favored and that it takes a clear expression of the legislative purpose to justify a retroactive application (see Gleason v Gleason, 26 NY2d 28, 36). That purpose is established here. It is clear to us that this enactment was not intended to be given wholly prospective application because by virtue of section 9 of chapter 889 of the Laws of 1980, the law must necessarily affect, inter alla, the rights and obligations of parties under leases executed * * * prior to its date of passage * * *
“Since these proceedings remain pending and tenants are still in possession, the law should be liberally construed to accom *421 plish its manifest purpose of halting the summary eviction of tenants residing in former commercial lofts. Remedial legislation constitutes an exception to the general rule against retroactivity of statutes (McKinney’s Consolidated Laws of NY, Book 1, Statutes, § 54; see, also, Gleason v Gleason, supra; People ex rel. Rayland Realty Co. v Fagan, 194 App Div 185, affd 230 NY 653).” (108 Misc 2d 349, 351-352, supra.)
The Appellate Division, First Department, affirmed this decision (85 AD2d 937). (See Whitmarsh v Farnell, 298 NY 336 [wherein the Court of Appeals held that the then recent rent control law was applicable to all pending and future eviction proceedings even though the final orders of eviction had been entered prior to passage of the new law]; Tegreh Realty Corp. v Joyce, 88 AD2d 820, supra.)
Moreover, a review of the express terms of section D26-10.10 provides that “where a tenant openly and' notoriously for a period of three months or more following taking possession of a unit, harbors, or has harbored a household pet * * * and the owner fails within this three month period to commence a summary proceeding or action to enforce the lease provisions * * * such lease provision shall be deemed waived”, and section 2 provides, “this local Law shall take effect immediately and shall apply to existing and future leases and renewals.”
This court finds that section D26-10.10 was validly enacted and applies retroactively to cooperatives. The defendant’s motion for summary judgment and to dismiss the plaintiff’s complaint is granted. All other relief requested and not granted is denied. The court commends the attorneys who argued the motion on August 11, 1984 for the excellence of their presentation of the questions of law involved in this motion.