■ NATIONAL ORGANIZATION FOR WOMEN et al., Respondents, v METROPOLITAN LIFE INSURANCE COMPANY, Appellant. —Order of the Supreme Court, New York County (Walter Schackman, J.), entered August 15, 1986, which denied defen-

dant's motion to dismiss the complaint for failure to state a cause of action, is unanimously reversed, on the law, without costs, by declaring that defendant has not violated the Human Rights Law and by granting the motion to dismiss the remainder of the complaint.

By summons and class action complaint dated October 9, 1985, plaintiffs, the National Organization for Women, the National Organization for Women for the State of New York and individual plaintiffs, commenced this action for declaratory, compensatory and injunctive relief against defendant Metropolitan Life Insurance Company, arguing that defendant's refusal to sell, offer and advertise for sale to women life insurance and disability insurance policies on the same terms as for men is a discriminatory practice in violation of Executive Law § 296 (2) (a) (hereinafter the Human Rights Law).

Defendant moved to dismiss the complaint for failure to state a cause of action on the grounds, *inter alia*, that certain provisions of the Insurance Law of New York State, enacted subsequent to the Human Rights Law, specifically sanctioned gender-based risk classifications with respect to life and disability insurance policies. Special Term denied the motion. The court first determined that insurance companies fell within the ambit of Executive Law § 296 (2) (a) as providers of goods or services and therefore were subject to that statute's restrictions against denying anyone any advantages or privileges on the basis of gender. Then, relying on *Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.* (41 NY2d 84), the court concluded that the Human Rights Law, in imposing a greater obligation not to discriminate on the basis of gender, took precedence over the Insurance Law and created a cause of action herein.

A reading of *Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd. (supra)* and application of basic rules of statutory construction compel us to reverse the order appealed from, as there is no statutory cause of action under the Human Rights Law to challenge the alleged forms of gender discrimination raised herein.

To determine whether under these facts a cause of action for gender discrimination exists under the Human Rights Law, it is necessary to construe in conjunction with the Human Rights Law various provisions of the Insurance Law which sanction limited forms of gender classifications. In 1971 the Executive Law was amended to provide that it is unlawful for any "place of public accommodation, resort or amusement * * * to refuse, withhold from or deny to [any] person any of

the accommodations, advantages, facilities or privileges thereof" on the basis of, among other things, a person's sex. (Executive Law § 296 [2] [a].) In 1960, the phrase "place of public accommodation, resort or amusement" was expressly defined to further clarify the jurisdiction of the State Commission Against Discrimination. Subsequent to this, the Insurance Law was also amended. As of 1961, Insurance Law former § 40 (10) (now § 2606) expressly prohibited discrimination in the offering, renewal, or the establishment of the terms and conditions of life and disability insurance policies on the basis of an applicant's race, color, creed or national origin. Omitted from this section, however, is any ban on distinctions or discrimination based on sex. Former section 40-e (now § 2607) of the Insurance Law, enacted in 1975, does specifically address sex discrimination, but provides only that: "No individual or entity shall refuse to issue any policy of insurance, or cancel or decline to renew such policy because of the sex or marital status of the applicant or policyholder."

That the Insurance Law permits distinctions based on sex in the terms and conditions, but not the offering, of life and disability insurance policies is further demonstrated by section 4221 (g) (6) and (h) (2) of the Insurance Law, which permits certain "age set-back" gender-based adjustments in establishing the premiums and present values of life and other disability insurance policies.

To resolve the conflict between the general proscription against sex discrimination in the Human Rights Law and the limited proscription contained in the Insurance Law, we are to be guided by the canons of statutory construction. We are mindful, first of all, that in construing legislative enactments our role is not to determine the wisdom or propriety of any particular statute, or to correct supposed errors, omissions or defects, but simply and foremost to ascertain and give effect to the intent of the Legislature and to avoid construing any statute in such a way as to render it ineffective. (*Matter of Allstate Ins. Co. v Libow,* 106 AD2d 110, 114, *affd* 65 NY2d 807; *Matter of Wilson v Board of Educ.,* 39 AD2d 965, 966-967; McKinney's Cons Laws of NY, Book 1, Statutes §§ 73, 92, 144.)

While it is the duty of courts, if at all possible and consistent with the canons of statutory interpretation, to construe two separate statutes in harmony, it is well recognized that a special statute in irreconcilable conflict with a general statute covering the same subject matter is controlling insofar as the special act applies. (*WABCO Trade Co. v SS Inger Skou,* 663 F2d 369 [2d Cir]; *Bloom v Town Bd.,* 80 AD2d 823, 824, *appeal*

*dismissed* 53 NY2d 938; McKinney's Cons Laws of NY, Book 1, Statutes § 397.) Furthermore, when two statutes utterly conflict with each other, the later constitutional enactment ordinarily prevails. (McKinney's Cons Laws of NY, Book 1, Statutes § 398.) Finally, we must presume that when the Legislature acts, it does so with full knowledge of its existing statutes.

In view of the foregoing, it is obvious that in amending the Insurance Law the Legislature intended that the Human Rights Law, which generally prohibits gender discrimination in the offering of services or privileges, would not override the later, more specific legislation in the Insurance Law expressly permitting use of some gender classifications with regard to the terms and conditions of life and disability insurance policies.

Notwithstanding repeated opportunities to do so, the Legislature has chosen not to amend Insurance Law § 2606, so as to include a ban on gender-based discrimination in the terms and conditions of insurance policies. Instead, by an amendment to the Insurance Law which postdates the Human Rights Law statute prohibiting sex discrimination, a widely publicized statute, the Legislature chose only to ban gender-based discrimination within the insurance industry with regard to the availability of insurance to women.

The Legislature's actions subsequent to passage of the Human Rights Law bespeak a clear intent to ban only limited forms of sex-based classifications in the insurance industry, and it is not our role to question the Legislature's wisdom in this regard. Furthermore, absent a challenge to the constitutionality of these sections of the Insurance Law sanctioning some forms of sex discrimination, the constitutionality of which must at this point be presumed, and absent a claim that the Human Rights Law establishes minimal constitutional, as opposed to merely legislatively created statutory rights, we have no choice but to determine that the Insurance Law provisions, being more specific and having been enacted subsequent to the Human Rights Law, are controlling with regard to establishing the terms and conditions of insurance policies. Accordingly, Executive Law § 296 (2) (a), the sole basis of plaintiffs' complaint, has no application to defendant's gender-based, risk-classification, rate-making policies which are expressly sanctioned by the Insurance Law.

Such a reading comports with our obligation to as far as possible not construe statutes so as to render one ineffective or a superfluous exercise in legislation. The Human Rights Law

continues to apply generally to ban gender discrimination to providers of services or privileges, but within the context of the insurance industry, a legislative exception to the earlier rule, an exception of limited application, exists.

Special Term's reliance on *Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.* (41 NY2d 84, *supra)* was misplaced. In that case the court was obliged to resolve the incongruity between the Disability Benefits Law, which set minimum standards for disability benefits in the area of private employment, and the Human Rights Law (Executive Law § 296 [1] [a]), banning sex discrimination in the compensation, terms, conditions or privileges of employment. Having been enacted subsequent to the Disability Benefits Law and applying a different command with respect to gender discrimination in employment, the court ruled that in those areas of employment within the reach of both statutes, the Human Rights Law rendered the Disability Benefits Law dormant. *(Supra,* at 88.) The court found that for those employers with three or fewer employees, those employees outside the commands of the Human Rights Law, the Disability Benefits Law was still operative. It is apparent, then, that the court in *Brooklyn Union Gas Co. (supra)* was merely applying general rules of statutory construction. In the present instance, however, it is the Human Rights Law which has been rendered dormant in the area of risk classifications for life and disability insurance policies.

Because this action seeks a declaration of rights, in addition to compensatory and injunctive relief, we are obligated to declare that defendant has not violated the Human Rights Law, and we direct that the remainder of the complaint be dismissed for failure to state a cause of action. *(See, Sweeney v Cannon,* 30 NY2d 633, 634.) Concur—Kupferman, J. P., Sullivan, Carro, Milonas and Smith, JJ.