OPINION OF THE COURT
Per Curiam.
Order entered September 16, 1991 affirmed with $10 costs.
The demised premises, a partitioned, semi-enclosed unit described in the petition as a "cubicle”, is located on the fourth floor of a Manhattan lodging house, and has been used by tenant exclusively for living purposes since the inception of the tenancy in November 1988. The unit contains a locked entrance door and is furnished with a bed and closet or "locker” provided by the landlord.
This summary holdover proceeding, commenced in September 1990 on 30 days’ notice upon allegations of an unregulated, "nightly” tenancy, was properly dismissed below, Civil Court correctly concluding that the tenancy is covered by rent stabilization.
"Housing accommodations” in class B multiple dwellings not expressly excluded from coverage (see, McKinney’s Uncons Laws of NY § 8625 [Emergency Tenant Protection Act § 5; L 1974, ch 576, § 4 (ETPA)]) are now included as protected units under rent stabilization (Rent Stabilization Law of 1969 [Administrative Code of City of NY § 26-504 (b), as amended by L 1981, ch 675]; see, Tegreh Realty Corp. v Joyce, 88 AD2d 820; Hickey v Bomark Fabrics, 120 Misc 2d 597), even if not previously so included (see, Matter of Salvati v Eimicke, 72 NY2d 784, rearg denied 73 NY2d 995; Matter of Ruskin v Miller, 172 AD2d 164). Petitioner concedes that a lodging house constitutes a class B multiple dwelling (see, Multiple Dwelling Law § 4 [9], [14]), and can point to no specific ETPA exemption removing lodging houses from the ambit of rent stabilization.
We find unrealistic the dissent’s conclusion that tenant’s residential unit somehow does not qualify as a "housing accommodation”, a term broadly defined as "That part of any building or structure, occupied or intended to be occupied by one or more individuals as a residence, home, dwelling unit or apartment”. (Rent Stabilization Code [9 NYCRR] § 2520.6 [a] [emphasis added].) The cubicle space here in issue was intended to and has in fact served as this tenant’s "residence, home [and] dwelling unit” for a period of years, and neither the absence of on-premises kitchen or bathroom facilities (see, *965 Ten Be or Not Ten Be v Dibbs, NYLJ, June 12, 1985, at 11, col 1 [App Term, 1st Dept], affd 117 AD2d 1028; 128 Cent. Park S. Assocs. v Cooney, 119 Misc 2d 1045) nor the unit’s size or configuration alter this reality or require a finding that the definitional requirements for coverage have not been met. While there is truth no doubt in the musical refrain "A House Is Not A Home”, a "home” most assuredly is a "housing accommodation” for purposes of rent stabilization.
"Housing accommodations in lodging houses, under the MDL, have always included cubicles as a portion of the part of the buildings occupied or intended to be occupied by individuals. Significantly, as lodging houses have always been covered by rent and eviction regulations, and cubicles have always been included in the MDL as sleeping places in lodging houses, to eliminate individual 'cubicles’ in lodging houses from rent and eviction regulation coverage (without a specific exemption) would be equivalent to eliminating 'apartments’ (without a specific exemption) from coverage in class A multiple dwellings”. (Ghelardi v Donnelly, NYLJ, Apr. 21, 1993, at 22, col 6; at 23, col 4 [Civ Ct, NY County, Taylor, J.].)
Finally, there is no founded basis for the dire consequences and wide-ranging "fallout” which the dissent speculatively attaches to our straightforward application of the law as written. In any event, the dissenter’s concerns, if viable, are best addressed through legislative, not court action.