OPINION OF THE COURT
Peter M. Wendt, J.
This proceeding was instituted by petitioner, Sidney Sha *631 piro, for an order directing the respondent owner to correct violations pursuant to section 27-2115 (c) of the Administrative Code of the City of New York. The respondent owner, Townan Realty Co., brought on a motion pursuant to CPLR 3211 to dismiss the proceeding based upon the contention that the petitioner lacks the necessary standing to commence a Housing Part (HP) proceeding. Corespondent, Department of Housing Preservation and Development (DHPD), opposes Tow-nan’s motion.
The petitioner entered the subject premises as a rent-stabilized tenant pursuant to a lease. The subject premises is in a multiple dwelling as defined by section 4 (7) of the Multiple Dwelling Law and Administrative Code § 27-2004 (a) (7).
On or about July 6, 1993, the landlord respondent herein commenced a nonpayment proceeding against the tenant petitioner herein, which culminated in a final judgment of possession for the landlord and the issuance of a warrant of eviction on or about February 22, 1994, which was stayed by an order entered June 24, 1994. Townan moves to dismiss under CPLR 3211 on the basis that petitioner has no standing. It claims there has been a warrant of eviction issued against him in the nonpayment proceeding. RPAPL 749 (3) states: "The issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant”. Townan argues the landlord/tenant relationship was severed and the lease was annulled upon the issuance of the warrant. Although this is generally so, it alone is not sufficient reason to strip the petitioner, who entered the premises as a rent-stabilized tenant, of his rights under the Housing Maintenance Code. In this proceeding, the petitioner is not seeking reinstatement of his relationship with Townan, he is seeking to have the court enforce the law.
RPAPL 749 (3) continues and states: "but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof.” This means that an occupant is allowed to lawfully remain in his or her apartment even after the issuance of a warrant. This is true particularly where long-term rent-controlled or rent-stabilized tenancies are involved. When rent is paid after proper issuance of a warrant of eviction, the courts often allow continuance of the tenancy. (Parkchester Apts. Co. v Heim, NYLJ, Nov. 22, 1993, at 29, col 1 [App Term, 1st Dept]; Parkchester Apts. Co. v Johnson, NYLJ, May 26, 1993, at 21, *632 col 2 [App Term, 1st Dept].) Petitioner’s situation is similar. Although there is a warrant issued against him, the court has stayed execution and is apparently allowing him to remain on a continuing basis as long as he pays his rent. Whether it be deemed his tenancy is restored upon full payment or the actual termination is stayed by virtue of the court’s order, this distinction is not crucial to the inquiry at hand. While a respondent in a nonpayment proceeding remains in lawful possession as a result of a stay by the Civil Court, he or she should not be deprived of the legal right to insist that the landlord maintain the premises in a safe and habitable condition. This includes enforcement of such right through commencement of an HP proceeding.
The petitioner has standing because he is currently residing lawfully in the subject premises and because he has a direct interest in having violations removed. The fact that there is a warrant of eviction issued against him does not preclude him from seeking such relief from this court. The Appellate Term found in Wonforo Assocs. v Maloof (NYLJ, Aug. 1, 1994, at 28, col 3 [App Term, 1st Dept]) that a party who had satisfied the final judgment after issuance of the warrant of eviction, and who had complied with use and occupancy payments ordered by the court, was entitled to remain as a tenant. This is so even though the court affirmed the Housing Part’s decision denying tenant’s motion to vacate the warrant. The petitioner herein has also been permitted to remain in the subject apartment. Thus, he cannot be forced to live in unsafe conditions. Just as the Appellate Term in Wonforo allowed the respondent therein to retain the right to remain in the apartment and continue the tenancy, it appears to this court that the petitioner should be able to assert his rights regarding Townan’s compliance with the Multiple Dwelling Law and the Housing Maintenance Code.
In addition, the court notes that the petitioner is a rent-stabilized tenant. This is akin to a statutory tenancy because the landlord is required by statute to continue the relationship. It is not a mere matter of consent, although leases are required in a rent-stabilized tenancy. In Whitmarsh v Farnell (298 NY 336 [1949]), the Court held that a rent-controlled tenancy survived the issuance of a warrant of eviction as long as the tenant was still in possession. The reason for this is that the proceeding was held to be still pending when the protections of the Rent Control Law became effective. The Appellate Division, First Department, following Whitmarsh, *633 held that a rent-stabilized tenant keeps his or her tenancy until the warrant of eviction is executed and he or she is actually removed from possession. (Tegreh Realty Corp. v Joyce, 88 AD2d 820 [1st Dept 1982].) The Legislature intentionally granted rent-stabilized tenants this protection. (Tegreh Realty Corp. v Joyce, supra.)
Although Whitmarsh and Tegreh Realty Co. (supra) apply newly enacted rent-control and rent-stabilization protections to tenants against whom a warrant of eviction has been issued and stayed, this distinction is not dispositive herein. The courts have long recognized that a tenant’s rights are not fully extinguished until actual eviction. A prime example of such a situation occurs continuously in the courts of New York City. Many proceedings are treated as pending after the issuance of a warrant of eviction while a tenant attempts to obtain the funds necessary to satisfy the judgment and current rent from the Department of Social Services or some other source. This is akin to the status given to the respondents in Whitmarsh and Tegreh Realty Co., in that the tenants were not deprived of their rights as rent-controlled or rent-stabilized tenants after issuance of the warrant. Rent-controlled and rent-stabilized tenants who are parties to nonpayment proceedings should not be deprived of living in safe and habitable apartments, or the right to bring proceedings to correct housing violations while the nonpayment proceeding is pending, even though a warrant of eviction has been issued. This is so because an eviction proceeding against rent-controlled and rent-stabilized tenants are deemed pending until actual execution of a warrant of eviction. (Whitmarsh v Farnell, supra; Tegreh Realty Corp. v Joyce, supra.) Therefore, it doesn’t matter in the instant proceeding that the petitioner entered the premises with rent-stabilization protections rather than acquiring such rights during a pending proceeding. The courts of this State usually deem a tenancy extant between the time a warrant of eviction is issued and its actual execution, and often allow a tenant to redeem the tenancy when rent is paid after issuance of the warrant. (Wonforo Assocs. v Maloof, supra.)
Pursuant to RPAPL 749 (3), the landlord/tenant relationship ends upon issuance of the warrant of eviction. However, under the rent stabilization laws the tenancy continues until actual eviction. (See, Whitmarsh v Farnell, supra; Tegreh Realty Corp. v Joyce, supra.) Under the canons of construction, general statutory provisions are overruled by more specific *634 and recent provisions. (Matter of Bush v Salerno, 51 NY2d 95 [1980]; Matter of Constantine v White, 166 AD2d 59 [3d Dept 1991]; National Org. for Women v Metropolitan Life Ins. Co., 131 AD2d 356 [1st Dept 1987].) The Rent Stabilization Law (Administrative Code) §§ 26-501 and 26-502 state that its purpose is to address "serious public emergencies]” and eviction is named as one such emergency. The protections of the rent stabilization laws must take precedence over the RPAPL in this matter. The petitioner is a rent-stabilized tenant and had sufficient standing to maintain the instant HP proceeding in his own right.
DHPD cites Amsterdam v Goldstick (136 Misc 2d 831 [Civ Ct, NY County 1987]) for the proposition that a tenant-initiated proceeding is in actuality a derivative proceeding not controlled by the tenant, because DHPD has the power to ultimately settle a civil penalties lawsuit without the tenant’s consent. There, the court concludes, "a 'tenant-initiated’ civil penalties action is derivative — the tenants are asserting a monetary claim for the benefit of DHPD.” (Amsterdam v Goldstick, supra, at 834.) The court in Amsterdam states that there is no distinction between a tenant-initiated and a DHPD-initiated action. A tenant may thus derive the power to assert a claim under the Housing Maintenance Code through DHPD as well as in his or her own right. The Housing Maintenance Code (Administrative Code) § 27-2115 (h) provides: "(h) Should the department fail to issue a notice of violation upon the request of a tenant or group of tenants, within thirty days of the date of such request, or if there is a notice of violation outstanding respecting the premises in which the tenant or group of tenants resides, the tenant or any group of tenants, may individually or jointly apply to the housing part for * * * order[s] directing the owner and the department to appear before the court.” This gives DHPD and the tenant opportunity to enforce the Code by applying to the Housing Part to have the court order the owner to correct the violations. The petitioner herein will directly benefit upon the issuance of an order to correct violations, and DHPD will also benefit through the preservation of the housing stock. Therefore, HP proceedings are in fact quasi-derivative actions.
Townan argues that once a warrant of eviction has been issued a person, even if he or she has lawful possession, may not bring a proceeding for an order to correct violations, citing Various Tenants of 515 E. 12th St. v 515 E. 12th St. (128 Misc 2d 235 [Civ Ct, NY County 1985]). The court there stated that *635 proposition in passing as a dictum. The above analysis demonstrates that this proposition is not applicable here. The order in the nonpayment proceeding allows the petitioner herein to remain in possession because the warrant of eviction is stayed conditioned upon the payment of certain monies. For so long as the monetary conditions remain satisfied Mr. Shapiro may legally remain. The petitioner is lawfully in the apartment and is entitled to live in a safe and habitable dwelling. Even while an occupant, such as petitioner, is in the process of obtaining rent after issuance of a nonpayment warrant as a prerequisite to continue residing in the apartment, he or she retains the right to pursue an HP proceeding.
Accordingly, Townan’s motion to dismiss the instant proceeding is denied.