■ In the Matter of ROGER TOUSSAINT, Individually and as President of Local 100, Transport Workers Union of Greater New York, et al., Appellants, v LINDA ANGELLO, as Commissioner of the State of New York Department of Labor, Respondent. [832 NYS2d 503]—

Order, Supreme Court, New York County (Rolando T. Acosta,

J.), entered January 5, 2006, which denied the petition seeking a determination that respondent was in violation of Labor Law § 27-a (4) (b) and directing that respondent promulgate rules and regulations adopting a safety standard recommended in 2004 by the New York State Occupational Safety and Health Hazard Abatement Board, unanimously affirmed, without costs.

We reject petitioners' argument that the statute mandates the Commissioner to promulgate such rules and regulations. Labor Law § 27-a (4) (b) does not require the Commissioner to blindly promulgate all regulations recommended by the Hazard Abatement Board. Rather, it requires her to promulgate such recommended rules and regulations after "consultation with" the Board, and only where the Board "finds (i) that no federal standard exists for the particular condition being addressed and that such a standard is necessary for the protection of the public employees at risk, or (ii) a federal standard exists, but conditions in public workplaces in this state require a different standard, and such state standard will be at least as effective in providing safe and healthful places of employment as the federal standard." Section 27-a (16) (D) (c), defining the Board's authority, provides that "The board is authorized, after public hearings, to recommend standards to the commissioner," and "in addition to acting on its own initiative, shall review, consider and make recommendations regarding requests for new standards presented to such board by public employers, employees or authorized employee representatives." These provisions, when construed as a coherent whole so as not to render any portion of the statute meaningless (see *National Org. for Women v Metropolitan Life Ins. Co.*, 131 AD2d 356, 358 [1987], *lv dismissed* 70 NY2d 939 [1988]), make it clear that the Board is not empowered to compel the Commissioner to promulgate regulations without reservation. Rather, the Board must make its recommendations in consultation with the Commissioner and make those recommendations consistent with the statutory directives, including a showing of necessity. The statute did not impose a ministerial duty on the Commissioner to rubber-stamp the Board's recommendations. Furthermore, the Commissioner did not act arbitrarily, capriciously, contrary to any legal constraint, or in excess of her legal authority when she identified her specific concerns about the Board's proposal and returned it for further consideration and findings as required by the statute. Concur—Mazzarelli, J.P., Marlow, Buckley, Sweeny and Kavanagh, JJ.