Joseph Goldburd, Appellant,
against
Dmitriy Langer, Respondent.




Rosenblum & Bianco, LLP (Diana Morgan of counsel), for appellant.
David E. Brookstone, Esq., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Bruce E. Scheckowitz, J.), dated June 16, 2017. The order denied landlord's motion, in effect, to amend a consent final judgment of that court entered February 19, 2016 awarding possession to landlord to include a monetary award, in a holdover summary proceeding.




ORDERED that the order is affirmed, without costs. 
In this holdover proceeding, the parties entered into a so-ordered stipulation of settlement which provided for, among other things, the entry of a final judgment of possession in favor of landlord, with the execution of the warrant stayed through February 16, 2017, in return for which tenant was to receive a waiver of use and occupancy for the period from July 2015 to February 2016 and a conditional waiver of use and occupancy for the period from March 2016 to February 2017 conditioned upon tenant's vacating the premises by February 16, 2017. A final judgment of possession was entered pursuant to the stipulation on February 19, 2016. After tenant failed to vacate the premises by February 16, 2017, but instead vacated on March 7, 2017, landlord moved to recover the use and occupancy for the period from March 2016 to February 2017 and the month during which tenant had improperly held over under the stipulation. The Civil Court denied landlord's motion. We affirm.
Under the circumstances presented, the summary proceeding had terminated following the entry of the final judgment of possession and tenant's subsequent removal from the premises [*2](see Whitmarsh v Farnell, 298 NY 336 [1949]; Matter of Sweet v Sanella, 46 AD2d 688, 689 [1974]; Edgemont Assoc., LLC v Goldman, 58 Misc 3d 160[A], 2018 NY Slip Op 50271[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; 1472 Props., LLC v Solanki, 52 Misc 3d 139[A], 2016 NY Slip Op 51127[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; WM Realty, LLC v Weingarten, 52 Misc 3d 131[A], 2016 NY Slip Op 50968[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Because the proceeding had terminated and was no longer pending, the Civil Court lacked jurisdiction to entertain landlord's motion, in effect, to amend the final judgment to include a monetary award pursuant to the stipulation (see Edgemont Assoc., LLC v Goldman, 58 Misc 3d 160[A], 2018 NY Slip Op 50271[U]; 1472 Props., LLC v Solanki, 52 Misc 3d 139[A], 2016 NY Slip Op 51127[U]; 1250, LLC v Augustin, 52 Misc 3d 135[A], 2016 NY Slip Op 51035[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Henry v Almanacid, 13 Misc 3d 132[A], 2006 NY Slip Op 51878[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; compare Teitelbaum Holdings v Gold, 48 NY2d 51, 56 [1979]). 
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 04, 2019