opinion of the court
William P. McCooe, J.
Defendant tenants are moving to reargue the granting of plaintiff landlord’s motion for summary judgment in an ejectment action. The basis for reargument is that subsequent to this court’s granting the motion the Legislature enacted the “Loft Law” which is controlling and mandates a denial of the motion. The motion for reargument is converted to a motion for renewal since reargument is an improper vehicle when the predicate for relief is a new ground (2A Weinstein-Korn-Miller, NY Civ Prac, par *63 2221.03). The motion for renewal is granted and the decision modified to the extent hereinafter indicated.
This court by written decision dated April 12, 1982 held that the landlord had the right to eject the defendant loft tenants since their leases had expired and they lacked any statutory protection. Effective June 21, 1982 article 7-C of the Multiple Dwelling Law (Loft Law) came into existence (L 1982, ch 349). The eviction order was signed on June 24, 1982 with a six-month stay.
Article 7-C is the counterpart of the Emergency Tenants Protection Act of 1974 (ETPA) (L 1974, ch 576, § 4), and embodies a clear legislative intent to protect “residential occupants” of “Interim Multiple Dwellings” (IMD) due to an “acute shortage of housing.” Its provisions parallel the ETPA provisions prohibiting the eviction of “residential occupants” who are not in default in the payment of rent and provide for their “continued occupancy.” The implementation of the law is delegated to a loft board.
Defendant tenants contend that they are “residential occupants” within the class of persons sought to be protected, that the subject premises are within the classification of an “interim multiple dwelling” as statutorily defined and that article 7-C should be applicable to pending judicial proceedings.
Plaintiff landlord contends that the application of article 7-C to the prior decision would give it a retroactive effect contrary to any expressed intent of the Legislature and such application would “impair or destroy vested property rights.” Plaintiff further argues that the tenants have failed to establish that the subject premises come within the statutory definition of “interim multiple dwelling.”
The general rule is that a statute is to be construed as prospective unless it is remedial or there is a showing of a contrary legislative intent (McKinney’s Cons Laws of NY, Book 1, Statutes, § 54; 56 NY Jur, Statutes, § 269). A prior loft law has been held to be remedial (Gordon & Gordon v Madavin Ltd., 108 Misc 2d 349). The court stated therein (pp 351-352): “Since these proceedings remain pending and tenants are still in possession, the law should be liberally construed to accomplish its manifest purpose of halting the summary eviction of tenants residing in former commer *64 cial lofts. Remedial legislation constitutes an exception to the general rule against retroactivity of statutes (McKinney’s Cons Laws of NY, Book 1, Statutes, § 54; see, also, Gleason v Gleason, supra; People ex rel. Rayland Realty Co. v Fagan, 194 App Div 185, affd 230 NY 653). The landlord has no vested right in a judgment that is subject to judicial review; an appellate court may reverse a judgment which was correct at the time it was rendered where, by statute, there has in the interim been a change in the law warranting that disposition of the appeal by the higher court (4 NY Jur 2d, Appellate Review, § 400).”
Judicial findings of a retroactive intent have been found in legislation affecting other types of dwellings (Whitmarsh v Farnell, 298 NY 336; Tegreh Realty Corp. v Joyce, 88 AD2d 820).
The fact that a less comprehensive Loft Law had been in effect but had expired because the Legislature failed to renew it one year ago shows a legislative intent to fill the vacuum. There has been annexed to the tenants’ moving papers a copy of a portion of the floor debate indicating a legislative intent to apply the statute retroactively.
Plaintiff landlord argues that new legislation cannot impair or destroy vested property rights. The court finds no fault with the proposition advanced, only with its application to the instant fact pattern. Petitioner cites numerous cases which are inapposite and readily distinguishable. They are cases where the right to appeal had expired. The recent case of Lipkis v Pikus (96 Misc 2d 581) clearly illustrates this point.
The distinction herein is that the defendants’ right to appeal has not been exhausted. “A judgment, whether it relates to public or private rights does not create a vested interest while an appeal is pending therefrom, but after the exhaustion of all avenues of review by appeal, it becomes an inviolable property right and may not be affected by subsequent legislation.” (McKinney’s Cons Laws of NY, Book 1, Statutes, §58; see, also, I.L.F.Y. Co. v City Rent & Rehabilitation Admin., 11 NY2d 480, 491; I.L.F.Y. Co. v Temporary State Housing Comm., 10 NY2d 263, 270.)
*65 The court finds that based upon judicial precedent, statutory construction and legislative intent article 7-C of the Multiple Dwelling Law should be retroactively applied to the decision dated April 12,1982 which was rendered prior to the effective date of the law. The statute requires both the occupant and the building to meet certain standards for it to be applicable. It is unquestioned that the defendants are “residential occupants” but there remains the issue as to whether the building comes within the definition of “‘interim multiple dwelling’” as defined in subdivisions 1 and 2 of section 281 of the Multiple Dwelling Law. A reading of the section makes it clear that determination of that issue rests upon multiple criteria such as zoning regulations and geographical location which should be determined by the newly created loft board which will have expertise to instill uniformity in the determination of this issue (Multiple Dwelling Law, § 282, subd [a]; cf. Axelrod Co. v Duffin & French, NYLJ, Sept. 3, 1982, p 6, col 1). The plaintiff landlord shall initiate the proceeding before the loft board and the tenants shall co-operate with the board.
The decision dated April 12, 1982 is withdrawn and the motion for summary judgment is held in abeyance pending the determination by the loft board. Tenants to pay use and occupancy at the rate provided for the final month of the expired leases (Multiple Dwelling Law, § 286, subd 2).