■ AMELIA ARDREY et al., Respondents, v 12 WEST 27TH STREET ASSOCIATES et al., Appellants. 12 WEST 27TH STREET ASSOCIATES, Appellant, v STANLEY SNYDER et al., Respondents. 12 WEST 27TH STREET ASSOCIATES, Appellant, v AMELIA ARDREY et al., Respondents.—Judgment, Supreme Court, New York County (Louis Grossman, J.), entered April 16, 1985, in consolidated summary proceedings and declaratory judgment action, which declared paragraph 67 in each of the plaintiffs-respondents' leases to be unenforceable, dismissed the defendants-appellants' counterclaims in the declaratory judgment action, and dismissed the Civil Court summary eviction proceedings commenced by petitioner-appellant landlord, 12 West

27th Street Associates, against plaintiffs-respondents, unanimously reversed, on the law and the facts, and remanded to Supreme Court for trial on all issues, without costs.

Plaintiffs Amelia Ardrey and William Stone entered into occupancy of the entire fifth floor of an 18-story loft building located at 12 West 27th Street in Manhattan, pursuant to a commercial form loft lease for the period commencing July 1, 1977 through June 30, 1980. Defendant 12 West 27th Street Associates is the net lessee of the building pursuant to a net lease for the period September 1, 1981 through August 27, 2071.

Prior to the expiration of the lease, Ardrey and Stone negotiated a renewal commercial lease with defendant Loft Horizons, Inc., agent for the lessor, Wellington Associates, from whom defendant 12 West 27th Street Associates leased the entire building. On April 16, 1980, the parties executed a renewal lease for the period July 1, 1980 through June 30, 1984. The base rent for the renewal term of July 1, 1980 through June 30, 1982 was $12,000 per year at a rate of $2.40 per square foot, and $14,400 per year, or $2.80 per square foot, for the period of July 1, 1982 through June 30, 1984.

Plaintiffs Ray Bailey and Stanley Snyder entered into occupancy of the entire sixteenth floor of the same building pursuant to a commercial form loft lease for the period June 1, 1977 through May 31, 1980. Prior to expiration of their lease, Bailey and Snyder entered into a renewal commercial lease with Loft Horizons, Inc., commencing June 1, 1980 through May 31, 1985. The base rent was $12,000 and $14,400 for the respective periods with the rate per square foot at $2.40 and $2.80, respectively.

Both renewal leases contained a labor wage escalation clause, to wit, paragraph 67, which required that the plaintiffs lessees pay an annual additional rent based on the formula of multiplying the square footage of the loft by the amount by which the hourly wage rate for superintendents in commercial buildings each calendar year after the base year exceeds the wage rate in effect for the base year. The wage rates are fixed according to a collective bargaining agreement between the Realty Advisory Board and a representative union of building superintendents.

The Bailey and Snyder lease stated the base year of 1980 and the area of the leased premises to be 5,000 square feet. A duplicate original of the renewal lease given to Ardrey and Stone did not contain this information in the blank spaces

provided for it. The plaintiffs paid their base rents due under the renewal leases; however, they did not pay any of the additional rent due under paragraph 67. The effect of paragraph 67 is to increase the rent by 134% over a five-year period, which is substantially greater than the cost-of-living index increase of 31% for the same period.

Plaintiffs-respondents commenced a declaratory judgment action in December 1981 contending, *inter alia,* that paragraph 67 is unconscionable and therefore void and unenforceable. Defendants-appellants counterclaimed for the additional rent due and owing pursuant to paragraph 67. In July 1982, defendants-appellants commenced summary nonpayment proceedings in Civil Court of New York City against both plaintiffs. Both proceedings and declaratory judgment actions were consolidated into one action in Supreme Court.

In March 1984, the New York City Loft Board determined that defendants' building is an "interim multiple dwelling" and declared plaintiffs to be residential tenants entitled to the retroactive protection of Multiple Dwelling Law article 7-C, which became effective in June 1982.

The Justice at Trial Term directed the parties to enter into a stipulation of facts. This stipulation was used by the court to limit the issues to whether paragraph 67 was unconscionable and therefore unenforceable, and whether the omissions in paragraph 67 of the Ardrey and Stone lease also made the lease clause void and unenforceable. Trial Term found the lease clause to be unconscionable based, in part, on defendants' admission that the labor wage escalation clause bears no relationship to their actual labor costs. The finding of unconscionability deemed the issue of the omissions in the Ardrey and Stone duplicate original renewal lease as moot.

We reverse and remand to Supreme Court. The stipulation alone does not reveal that paragraph 67 is unconscionable. When a stipulation is utilized to limit the issues in a case, courts are to consider only those issues so stipulated. *(Salesian Socy. v Village of Ellenville,* 58 AD2d 711.) Trial Term relied on Real Property Law § 235-c (1) to declare the clause in question to be unconscionable and therefore unenforceable. Nonetheless, when unconscionability of a lease clause is claimed, "the parties shall be afforded a reasonable opportunity to present evidence as to its setting, purpose and effect to aid the court in making the determination." (Real Property Law § 235-c [2].) The stipulation did not afford the parties such an opportunity.

The stipulation does not lend itself to resolution of whether, for instance, plaintiffs were deprived of a "meaningful choice" regarding paragraph 67, inasmuch as they were not represented by counsel during the negotiation and signing of the leases in question. *(See, State v Wolowitz, 96 AD2d 47, 70.)* In addition, as Trial Term confirmed, although plaintiffs were certified as "residential" tenants by the Loft Board subsequent to the signing of the commercial renewal lease and prior to the effective date of Multiple Dwelling Law article 7-C, they were entitled to its retroactive protection. *(465 Greenwich St. Assoc. v Schmidt,* 116 Misc 2d 62.) This raises the issue of the applicability of the instant commercial escalation clause to the residential tenants.

The stipulation does not provide a sufficient basis for resolution of not only the conscionability of paragraph 67 but other issues mentioned herein that relate to said paragraph. A plenary hearing is required before the court can find the lease clause to be unconscionable *(State v Wolowitz, 96 AD2d 47, 69, supra)* and resolve the other issues. Concur—Kupferman, J. P., Sullivan, Ross, Kassal and Ellerin, JJ.