■ LEXINGTON AVENUE ASSOCIATES, Appellant, v ALICE KANDELL, Respondent. [724 NYS2d 864] —Order, Supreme Court, New York County (Edward Lehner, J.), entered March 5, 2001, which, in an action to enforce a stipulation of settlement, and to recover rent due for combined apartments of which defendant tenant is the tenant of record, use and occupancy for an apartment occupied by defendant, and attorneys' fees, denied plaintiff's motion for use and occupancy on all three apartments pending the litigation, without prejudice to renewal in Civil Court, unanimously affirmed, without costs.

"Civil Court has jurisdiction of landlord tenant disputes (see CCA 204) and when it can decide the dispute, as in this case, it is desirable that it do so." (*Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 28, citing *Lun Far Co. v Aylesbury Assocs.*, 40 AD2d 794.) Here, Civil Court has jurisdiction to enforce the subject stipulation of settlement, which, in the context of a Civil Court nonpayment summary proceeding, requires defendant to vacate the apartment that plaintiff temporarily gave her while repairs to her own apartments were ongoing, and to re-occupy her own apartments, upon certain stated conditions, and also provides for Civil Court's continuing jurisdiction for purposes of its implementation. Clearly, Civil Court should be the forum to decide whether the conditions stated in the stipulation exist, and to award any incidental relief to which plaintiff may be entitled, including rent, use and occupancy and attorneys' fees, if they do (*see, 91st St. Co. v Robinson*, 242 AD2d 502). However, because of the length of time that has transpired, we direct a trial within 30 days, before one judge, which trial shall continue from day to day until completion. We have considered and rejected plaintiff's other arguments. Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.