■ 952 ASSOCIATES, LLC, Appellant, v ANN PALMER, Respondent. [859 NYS2d 138]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered December 26, 2007, which denied plaintiff's motion to stay and remove a Civil Court proceeding for consolidation with the instant action, and stayed this action pending resolution of the Civil Court proceeding, unanimously affirmed, with costs.

Defendant agreed in Civil Court to the entry of a judgment of eviction and to vacate the premises in exchange for $550,000, in accordance with NY City Civil Court Act § 204. The Housing Part of Civil Court has the same subject matter jurisdiction to compel compliance with this "so-ordered" settlement agreement (*see* CPLR 5221 [a] [3]; NY City Civ Ct Act § 1508) as would the Supreme Court (*see* NY City Civ Ct Act § 212). Once such jurisdiction is established, Civil Court is able to hear related matters, such as plaintiff's cross motion to disgorge disputed funds, and the determination of monies due defendant, pursuant to its adjunct power under section 212.

Plaintiff's argument that it was unable to provide defendant with copies of the settlement between the remaining rent stabilized tenant and the prospective purchaser is unavailing. The plain language of the settlement makes it clear that plaintiff would provide not only any agreement it entered into with the remaining rent stabilized tenant, but "any other agreements or writing or documents related to any compensation received by [the tenant] for her surrendering and vacating her apartment at the Premises."

We reject plaintiff's argument that the Civil Court proceeding must be removed to Supreme Court because it seeks substantial disclosure. A summary proceeding pursuant to the Real Property Actions and Proceedings Law is a special proceeding (CPLR art 4) in which disclosure may be utilized by leave of court (CPLR 408; *McQueen v Grinker*, 158 AD2d 355, 359 [1990]). Stay of an action rests within the court's discretion (*see Britt v International Bus Servs.*, 255 AD2d 143, 144 [1998]).

In general, only where the decision in one action will determine all the questions in the other action, and the judg-

ment on one trial will dispose of the controversy in both, is a stay justified; this requires a complete identity of the parties, the causes of action and the judgment sought (*Pierre Assoc. v Citizens Cas. Co. of N.Y.*, 32 AD2d 495, 497 [1969]). Here, the Civil Court proceeding involved an enforcement action in which plaintiff willingly submitted its contention of a breach on the part of defendant. The central issue in both the Civil Court proceeding and the Supreme Court action is whether defendant breached the confidentiality provision of her settlement agreement, thereby requiring defendant to disgorge all funds previously received from plaintiff. Accordingly, the IAS court's sua sponte grant of a stay pending resolution of the Civil Court proceeding was not improper. Concur—Andrias, J.P., Gonzalez, Moskowitz and DeGrasse, JJ.