1472 Properties, LLC, Appellant, 
against
Amarsinhji Bhagwan Solanki, Respondent.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Maria Milin, J.), entered December 16, 2014. The judgment, entered pursuant to the portion of an order of the same court dated September 23, 2014 which granted the branch of tenant's motion seeking the entry of a money judgment based on a stipulation of settlement, as that order was modified by an order of the same court dated December 16, 2014, awarded tenant the principal sum of $11,555 in a holdover summary proceeding.




ORDERED that the judgment is reversed, without costs, the portion of the order dated September 23, 2014 which granted the branch of tenant's motion seeking the entry of a money judgment based on the stipulation of settlement, as that order was modified by the order dated December 16, 2014, is vacated, and that branch of tenant's motion is denied without prejudice to renewal in a proper forum. 
In this nonprimary-residence holdover proceeding, the parties entered into a stipulation of settlement, so-ordered by the court, which provided for, among other things, the entry of a final judgment in favor of landlord, with the execution of the warrant stayed through October 31, 2013, in return for which tenant was to receive a waiver of arrears plus a $20,000 buyout. Tenant failed to surrender possession by October 31, 2013 and was evicted on November 25, 2013. Thereafter, tenant moved in the Housing Part of the Civil Court to, among other things, enforce the payment term of the stipulation. Landlord argued that tenant was seeking redress in an improper forum, as the court no longer had subject matter jurisdiction to hear tenant's claim. By order dated September 23, 2014, the court awarded tenant a judgment in the sum of $19,777. By order dated December 16, 2014, the court reduced the award to $11,555, to reflect the fact that landlord had already made an $8,000 payment to tenant at the time the stipulation had been executed. Landlord appeals from the judgment entered pursuant to these orders, arguing, among other things, that the court lacked subject matter jurisdiction to grant the relief, as the proceeding had terminated following the tenant's eviction. 
Even assuming arguendo that the Housing Part of the Civil Court would have jurisdiction, prior to the termination of a proceeding, to enforce a term of a stipulation requiring a petitioner to make a payment to a respondent (see 952 Assoc., LLC v Palmer, 52 AD3d 236 [1st Dept 2008]; Lexington Ave. Assoc. v Kandell, 283 AD2d 379 [1st Dept 2001]), in this case, the summary proceeding had terminated and was no longer pending following tenant's eviction (see [*2]Whitmarsh v Farnell, 298 NY 336 [1949]; Sweet v Sanella, 46 AD2d 688 [1974]). Once the proceeding terminated, the Housing Part, which has jurisdiction over summary proceedings (see CCA 110 [a] [5]), lacked jurisdiction to entertain tenant's motion for the entry of a money judgment pursuant to the stipulation, notwithstanding the attempt in the stipulation to reserve tenant's right to so move (cf. Teitelbaum Holdings, Ltd. v Gold, 48 NY2d 51, 56 [1979]; Almanacid v Hidalgo, 13 Misc 3d 132[A], 2006 NY Slip Op 51878[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). 
In light of the above, we do not consider landlord's other arguments.
Accordingly, the judgment is reversed, the portion of the order dated September 23, 2014 which granted the branch of tenant's motion seeking the entry of a money judgment based on the stipulation of settlement, as that order was modified by the order dated December 16, 2014, is vacated, and that branch of tenant's motion is denied.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: July 13, 2016