Edgemont Associates, LLC, Appellant-Respondent, 
against
Sam Goldman and Jacqueline Goldman, Respondents-Appellants.




Geist, Schwartz & Jellinek, PLLC (Matthew D. Schwarz of counsel), for appellant-respondent.
Harwood Reiff, LLC (Simon W. Reiff of counsel), for respondent-appellant (no brief filed).

Appeal and cross appeal from an order of the Justice Court of the Town of Greenburgh, Westchester County (Delores Scott Brathwaite, J.), entered June 7, 2016. The order, insofar as appealed from by landlord, granted the branch of tenants' motion seeking the entry of a money judgment in the sum of $50,000 pursuant to the terms of a so-ordered stipulation settling a holdover summary proceeding. The order, insofar as cross-appealed from by tenants, denied the branch of tenants' motion seeking an award of attorney's fees as an incident of the award of $50,000.




ORDERED that the order is reversed, without costs, and tenants' motion for the entry of a money judgment in the sum of $50,000 and for an award of incidental attorney's fees is dismissed.
In this nonprimary-residence holdover proceeding to recover possession of a rent-regulated apartment, the parties entered into a so-ordered stipulation of settlement which provided for, among other things, the entry of a final judgment in favor of landlord, with the execution of the warrant stayed through December 31, 2015, in return for which tenants agreed to pay use and occupancy through December 2015 and were to receive a $50,000 buyout from landlord if they surrendered the premises by December 31, 2015. After landlord refused to pay [*2]tenants the $50,000, tenants, claiming that they had moved all of their belongings out of, and surrendered, the premises on December 20, 2015 but, due to a misunderstanding, landlord had not received the keys to the premises until January 7, 2016, moved, in the Justice Court, to enforce the payment terms of the stipulation and to recover incidental attorney's fees. Landlord appeals from so much of an order of the Justice Court entered June 7, 2016 as granted the branch of tenants' motion seeking to enforce the payment of $50,000. Tenants cross-appeal from so much of the order as denied the branch of their motion seeking incidental attorney's fees.
Even assuming arguendo that the Justice Court would have jurisdiction, prior to the termination of a summary proceeding, to enforce a term of a stipulation requiring a petitioner to make a payment to a respondent (see 952 Assoc., LLC v Palmer, 52 AD3d 236 [1st Dept 2008]; but see UJCA 204), in this case, the summary proceeding had terminated and was no longer pending following the entry of a final judgment of possession in favor of landlord and tenants' subsequent vacating of the premises (see Witmarsh v Farnell, 298 NY 336 [1949]; Sweet v Sanella, 46 AD2d 688 [1974]). Once the proceeding terminated, the Justice Court lacked jurisdiction to entertain tenants' motion for the entry of a money judgment pursuant to the stipulation (see 1472 Props., LLC v Solanki, 52 Misc 3d 139[A], 2016 NY Slip Op 51127[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; cf. Teitelbaum Holdings, Ltd. v Gold, 48 NY2d 51, 56 [1979]; Henry v Almanacid, 13 Misc 3d 132[A], 2006 NY Slip Op 51878[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). In any event, while the Justice Court has jurisdiction "to render judgment for rent due without regard to amount" (UJCA 204), its monetary jurisdiction is otherwise limited to $3,000 (UJCA 202). As the $50,000, plus attorney's fees, which tenants seek to recover was not rent, the Justice Court did not have jurisdiction to entertain their motion. 
Accordingly, the order is reversed and tenants' motion for the entry of a money judgment in the sum of $50,000 and for an award of attorney's fees is dismissed.
GARGUILO, J.P., and RUDERMAN, J., concur.
TOLBERT, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 22, 2018