Steinmetz v Oyala (2021 NY Slip Op 50255(U))

[*1]

Steinmetz v Oyala

2021 NY Slip Op 50255(U) [71 Misc 3d 129(A)]

Decided on March 26, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 26, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-1618 K C

Naftali Steinmetz, Appellant, 
against
Sara Oyala, Respondent. 

The Law Office of Candace C. Carponter, P.C. (Candace C. Carponter of counsel), for appellant.
Communities Resist, Inc. (Gregory Louis of counsel), for respondent.

Appeal from orders of the Civil Court of the City of New York, Kings County (Gary
Franklin Marton, J.), entered February 23, 2018 and May 29, 2018, respectively. The order
entered February 23, 2018, in a holdover summary proceeding in which the parties had stipulated
to try the possessory issue first and to reserve landlord's monetary claims for rent arrears, use and
occupancy, and attorney's fees, for a separate trial, denied landlord's post-eviction motion to
restore the matter to the calendar for the separate trial of the monetary claims. The order entered
May 29, 2018 denied landlord's renewed motion for the same relief.

ORDERED that the orders are affirmed, without costs.
After years of motion practice and other delays, in this owner's use holdover proceeding
commenced in 2011, the parties stipulated to try the issue of possession first and to reserve, for a
separate trial, landlord's causes of action for rent arrears, use and occupancy, and attorney's fees.
After the possessory issue was tried and determined in landlord's favor, and tenant evicted,
landlord moved in the Housing Part to restore the matter for trial of the monetary issues. In an
order dated February 23, 2018, the court denied the motion on the grounds that landlord had
failed to submit a copy of the lease to establish its entitlement to attorney's fees and had failed to
provide sufficient particulars regarding the rent and use and occupancy sought. In an order dated
May 29, 2018, the court denied landlord's renewed motion for the same relief on the additional
ground, among others, that the court lacked jurisdiction to entertain landlord's claims, as the
summary proceeding had terminated upon tenant's eviction. Landlord appeals from both
orders.
As a summary proceeding remains pending only through the execution of a warrant (see
Whitmarsh v Farnell, 298 NY 336 [1949]; 3 Robert F. Dolan, Rasch's New York Landlord
and Tenant—Summary Proceedings § 46:7 at 196 [4th ed 1998] ["Pendency of
Proceeding until warrant executed"]; see also Matter of Sweet v Sanella, 46 AD2d 688,
689 [2d Dept 1974] ["Once a warrant of eviction has been executed . . . the summary proceeding
is terminated"]; but see 952 Assoc., LLC
v Palmer, 52 AD3d 236 [1st Dept 2008]), the court no longer retained jurisdiction after
the execution of the warrant to entertain landlord's motions (see Goldburd v Langer, 62 Misc 3d 140[A], 2019 NY Slip Op
50060[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Edgemont Assoc., LLC v Goldman, 58
Misc 3d 160[A], 2018 NY Slip Op 50271[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2018]; 1472 Props., LLC v
Solanki, 52 Misc 3d 139[A], 2016 NY Slip Op 51127[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2016]; 1250, LLC
v Augustin, 52 Misc 3d 135[A], 2016 NY Slip Op 51035[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2016]). We affirm solely on this basis and reach no other issue.
Accordingly, the orders are affirmed.
ELLIOT and TOUSSAINT, JJ., concur.
WESTON, J.P., dissents and votes to reverse the order entered February 23, 2018 and grant
landlord's motion to restore the matter to the calendar for a trial of landlord's monetary claims,
including his claim for attorney's fees, and to dismiss, as academic, the appeal from the order
entered May 29, 2018 in the following memorandum:
While I recognize that a court lacks jurisdiction to hear claims arising from a summary
proceeding that has been terminated by a tenant's eviction (see Goldburd v Langer, 62 Misc 3d 140[A], 2019 NY Slip Op
50060[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), such rule, in my opinion,
is inapplicable under the particular circumstances of this case. Instead, I conclude that the parties'
stipulation was sufficient to preserve landlord's monetary claims against tenant. Accordingly, I
respectfully dissent and vote to reverse the order entered February 23, 2018 and grant landlord's
motion to restore the matter to the calendar for a trial of landlord's monetary claims, and, in light
of that determination, to dismiss, as academic, the appeal from the order entered May 29,
2018.
In a petition dated May 3, 2011, landlord sought possession of the subject apartment for his
daughter's use, as well as monies due for use and occupancy. After five years of protracted
motion practice and other delays, the parties stipulated to try the possession claim first followed
by a separate trial on the monetary claims. After a trial held on the possession claim, the court
found in landlord's favor and awarded landlord a final judgment of possession without prejudice
to landlord's claims for past due use and occupancy. The court held that such claims, in addition
to any claims for attorney's fees permitted under the lease, could be raised "either by motion in
this proceeding for a hearing on the issue, or in a plenary action." In accordance with the court's
order, which was consistent with the terms of the stipulation, landlord moved to restore the
matter for trial on the monetary issues. That motion was denied by a different judge on the
grounds that landlord (1) failed to support his claim for use and occupancy with sufficient
particularity, and (2) failed to cite to any statute or provision in the lease that would entitle him to
attorney's fees. Subsequently, upon landlord's motion for leave to renew, the same judge denied
landlord's motion for the reasons stated in its initial decision and on the additional ground that
the court lacked subject matter jurisdiction over landlord's post-eviction claims for rent and use
[*2]and occupancy.
The majority now affirms both orders on appeal, concluding that landlord is jurisdictionally
barred from raising his claims. In so holding, the majority relies steadfastly on the rule reaffirmed
in Goldburd v Langer (62 Misc 3d
140[A], 2019 NY Slip Op 50060 [U]), which states that upon execution of a warrant of
eviction, a summary proceeding terminates and the court no longer retains jurisdiction. In light of
the particular facts of this case and in the interests of fairness and judicial economy, I decline to
adhere to that rule and conclude that the parties' stipulation did not contemplate termination of
the action upon entry of judgment on landlord's possession claim. Rather, the parties' stipulation
was akin to an agreement to bifurcate the trial, which did not divest the court of its jurisdiction to
hear landlord's monetary claims (see CPLR 603).
"A settlement agreement entered into by parties to a lawsuit does not terminate the action
unless there has been an express stipulation of discontinuance or actual entry of judgment in
accordance with the terms of the settlement. Absent such termination, the court retains its
supervisory power over the action and may lend aid to a party who had moved for enforcement of
the settlement" (Teitelbaum Holdings v Gold, 48 NY2d 51, 53 [1979] [emphasis
added]).
Here, the parties' stipulation was not a settlement to terminate the action, but rather an
agreement to bifurcate for trial the possession and monetary claims (see CPLR 603). Both
claims were asserted in landlord's petition and were severed, on consent, for separate trials. By
expressly reserving the monetary claims for a separate trial, the parties did not "unequivocally
terminate[]" the proceedings upon the resolution of landlord's possession claim (see
Teitelbaum Holdings v Gold, 48 NY2d at 56; compare Lee v Green World Cleaners 1, LLC, 61 Misc 3d 155[A],
2018 NY Slip Op 51826[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018] [once
summary proceeding terminated, Civil Court lacked jurisdiction to consider landlord's motion to
amend the judgment to include a monetary award for tenants' breach of the stipulation of
settlement, upon which the final judgment had been entered]). Indeed, the trial court
acknowledged that the proceedings would resume before it by awarding landlord a final
judgment of possession "without prejudice" as to landlord's monetary claims, which could be
asserted by motion for a hearing "in this proceeding."
Finally, landlord was not required to make an evidentiary showing in order to restore his
monetary claims to the calendar for trial. Even if landlord were required to make such a showing,
his sworn allegations were sufficient to warrant, at the very least, a hearing on the issue of use
and occupancy owed. On his initial motion, landlord averred that as of May 2011, tenant owed
$16,427.33, and that tenant had paid no use and occupancy for the next five years until directed
to do so in an April 13, 2016 so-ordered stipulation. Pursuant to that stipulation, tenant was to
pay six months' use and occupancy at $666.41 per month, which tenant continued to pay since
May 2016. Landlord's attorney affirmed that based on the fair market value of the premises since
2011, tenant owed at least $97,200. In view of these averments, the Civil Court should have
granted landlord a hearing on the issue of use and occupancy.
To hold otherwise would needlessly perpetuate this almost decade-long litigation. As the
trial court acknowledged, both parties expressly agreed to try the possession claim before the
monetary claims. In these circumstances, where there was no intent to terminate the action upon
a judgment of possession, the court retained "supervisory power" to consider landlord's monetary
[*3]claims, which were necessarily related to his possession claim
(Teitelbaum Holdings v Gold, 48 NY2d at 53; see generally 952 Assoc., LLC v Palmer, 52 AD3d 236 [1st Dept
2008]; Lexington Ave. Assoc. v Kandell, 283 AD2d 379 [1st Dept 2001]; Monacelli
v Farrington, 240 AD2d 296 [1st Dept 1997]). I see no reason to burden our already strained
judicial system by compelling landlord to commence a separate plenary action against tenant on
his monetary claims.
Accordingly, I vote to reverse the order entered February 23, 2018 and grant landlord's
motion to restore the matter to the calendar for a trial of landlord's monetary claims, including his
claim for attorney's fees, and to dismiss, as academic, the appeal from the order entered May 29,
2018.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 26, 2021