728 Fulton St., LLC v Lashley (2021 NY Slip Op 51173(U))

[*1]

728 Fulton St., LLC v Lashley

2021 NY Slip Op 51173(U) [73 Misc 3d 139(A)]

Decided on December 3, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 3, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-302 K C

728 Fulton Street, LLC, Respondent,
against
Nefartari Lashley Also Known as Nefertiri Lashley, Appellant, David
Lashley, Tenant, "John Doe" and "Jane Doe," Undertenants. 

Nefartari Lashley Also Known as Nefertiri Lashley, appellant pro se.
William J. Fallon, for respondent (no brief filed).

Appeals from orders of the Civil Court of the City of New York, Kings County (David A.
Harris, J.), dated May 23, 2019 and October 28, 2019. The order dated May 23, 2019, insofar as
appealed from as limited by the brief, granted the branch of landlord's motion seeking to vacate a
money judgment of that court (Zhuo Wang, J.) entered December 5, 2018 in favor of Nefertiri
Lashley upon an order dated December 5, 2018 granting an unopposed motion by Nefertiri
Lashley and sua sponte awarding her the sum of $17,000 in a holdover summary proceeding. The
order dated October 28, 2019, insofar as appealed from, upon granting the branch of Nefertiri
Lashley's motion seeking leave to reargue her opposition to the branch of landlord's motion
seeking to vacate the money judgment, adhered to the prior determination in the May 23, 2019
order with respect thereto, and denied the branch of Nefertiri Lashley's motion seeking to hold
landlord in contempt.

ORDERED that the appeal from so much of the order dated May 23, 2019 as granted the
branch of landlord's motion seeking to vacate the judgment entered December 5, 2018 is
dismissed, as that part of the order was superseded by so much of the order dated October 28,
2019 as was made upon reargument; and it is further,
ORDERED that the order dated October 28, 2019, insofar as appealed from, is affirmed,
without costs. 
In this holdover proceeding, the parties entered into a so-ordered stipulation of settlement
which provided, among other things, for the entry of a final judgment of possession in favor of
landlord, with the execution of the warrant stayed through October 31, 2018. The stipulation
further provided that Nefertiri Lashley (tenant) was to receive a $17,000 buyout from landlord if
she surrendered the premises by October 31, 2018 and that landlord was to place the amount of
$17,000 in an escrow account within 48 hours and provide proof of the deposit to tenant's
attorney. A final judgment awarding only possession to landlord was entered on October 3, 2018.
The record reveals that tenant vacated the premises in November 2018. 
By order to show cause signed on October 22, 2018, tenant moved to, among other things,
vacate the stipulation, alleging that landlord violated it by failing to provide proof of its deposit
of the buyout funds. After several adjournments and upon landlord's failure to oppose the motion
or appear in court on the final return date, in an order dated December 5, 2018, the Civil Court
(Zhuo Wang, J.) directed that tenant "shall have a money judgment in the amount of $17,000
against petitioner." A money judgment was entered on December 5, 2018, awarding tenant the
sum of $17,000. 
Insofar as is relevant to this appeal, landlord moved to vacate the money judgment pursuant
to CPLR 5015 (a) (1). By order dated May 23, 2019, the Civil Court (David A. Harris, J.), insofar
as is relevant to this appeal, granted the branch of landlord's motion seeking to vacate the money
judgment on the ground that the Civil Court lacked jurisdiction to enter it. Tenant moved for
leave to reargue her opposition to the branch of landlord's motion seeking to vacate the money
judgment and, upon reargument, to deny that branch of landlord's motion, and for an order
holding landlord in contempt of the so-ordered stipulation and imposing penalties against it. By
order dated October 28, 2019, insofar as appealed from, the Civil Court (David A. Harris, J.),
upon reargument, adhered to the prior determination in the May 23, 2019 order with respect to
the money judgment (thus superseding the May 23, 2019 order on that issue and requiring
dismissal of the appeal therefrom) and denied the branch of tenant's motion seeking to hold
landlord in contempt. 
Even assuming arguendo that the Civil Court would have jurisdiction, prior to the
termination of a proceeding, to enforce a term of a stipulation requiring a petitioner to make a
payment to a respondent (see 952
Assoc., LLC v Palmer, 52 AD3d 236 [2008]; Lexington Ave. Assoc. v Kandell,
283 AD2d 379 [2001]), since a final judgment had been entered and tenant had vacated before
the entry of the money judgment, the summary proceeding had terminated and was no longer
pending when the money judgment was entered (see Edgemont Assoc., LLC v Goldman, 58 Misc 3d 160[A], 2018
NY Slip Op 50271[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; 1472 Props., LLC v Solanki, 52 Misc
3d 139[A], 2016 NY Slip Op 51127[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2016]; see also Whitmarsh v Farnell, 298 NY 336 [1949]; Matter of Sweet v
Sanella, 46 AD2d 688, 689 [1974]). Because the proceeding had [*2]terminated, the Civil Court lacked jurisdiction to enter the money
judgment (see Edgemont Assoc., LLC v
Goldman, 58 Misc 3d 160[A], 2018 NY Slip Op 50271[U]; 1472 Props., LLC v Solanki, 52 Misc
3d 139[A], 2016 NY Slip Op 51127[U]), and it was properly vacated.
However, the court did have jurisdiction to decide the branch of tenant's post-eviction
motion seeking to hold landlord in contempt (see Judiciary Law § 760; CPLR
5104). We find that this branch of tenant's motion was appropriately denied. 
Accordingly, the order dated October 28, 2019, insofar as appealed from, is affirmed. 
TOUSSAINT, J.P., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 3, 2021